The appellee had obtained in the district court of Bowie county two separate judgments against the appellant, on which executions were issued. All proceedings on said executions were afterwards restrained by writs of injunction which were made returnable to the district court of the county of Cass. The petitions for injunctions were in both causes dismissed, on the ground that they were not made returnable to the district court of the county where the judgments were rendered.

This action of the court was in conformity with the 152d section of the "act to regulate proceedings of the district courts," pp. 405–6. There being no error in the judgments, it is ordered that both be affirmed.

---

[260] BURWELL J. THOMPSON vs. OTIS M. WHEELER — Appeal from San Augustine County.

The possession of a note payable to A. B., or bearer, by the plaintiff, is *prima facie* evidence of his ownership and right to sue. Such possession is presumptive proof of the truth of an averment made in the plaintiff's petition, that the "said note was sold, transferred and delivered to him for a valuable consideration."

The facts of this case are stated in the opinion of the court.

*Ardrey* and *Payne*, for the appellant, contended that the court erred in refusing to make the charge requested by Thompson's counsel, and in giving that which was made to the jury. In support of this position, they cited Chitty on Bills, pp. 587, 615, 627.

*J. Pinckney Henderson*, for appellee.

Mr. Justice WHEELER delivered the opinion of the court.

This was a suit brought by the appellee against the appellant upon a promissory note payable to one Grenan, or bearer. The petition contained the averment that "the said Grenan, for a valuable consideration, sold, transferred and delivered said note

to your petitioner, by means whereof your petitioner then and there became and now is the legal bearer and owner of said note."

At the trial the defendant's counsel asked the court to charge the jury "that if the plaintiff alleged that he paid a valuable consideration for the transfer of the said note, it is a material allegation and must be proved, and if not proved, [**261**] that the jury must find for the defendant." This charge the court declined to give, but charged the jury "that the plaintiff must show himself to be the bearer of the note, and that it is unnecessary to prove 'the valuable consideration for the transfer of said note.'"

The plaintiff recovered judgment, from which the defendant appealed, and now insists that there is error in the instructions of the court to the jury. The possession of the note by the plaintiff was *prima facie* evidence of his ownership and right to sue. It was presumptive proof of the truth of the averment in his petition, to which the desired charge had reference; and there was no necessity for the introduction of any other proof to establish the right of the plaintiff to maintain his action. The charge of the court was, therefore, substantially correct.

We are of opinion that the judgment be affirmed.