**M. F. GUETERSLOH et al., Appellants,**

v.

**C. I. T. CORPORATION, Appellee.**

No. 7980.

Court of Civil Appeals of Texas,
Amarillo.

Feb. 2, 1970.

Rehearing Denied March 9, 1970.

Garner & Walters and James A. Walters, Lubbock, for appellants.

Crenshaw, Dupree & Milam and O. V. Scott, Jr., Lubbock, for appellee.

DENTON, Chief Justice.

This is a suit on a promissory note by C. I. T. Corporation against M. F. Guetersloh, as maker of the note, and Herman Guetersloh, as co-maker and guarantor of the note. The trial court reformed the note and granted judgment for the plaintiff. The defendants have perfected an appeal to this court on eleven points of error.

On May 22, 1965, plaintiff C. I. T. Corporation made a loan to defendant M. F. Guetersloh which was evidenced by a promissory note in the face amount of $162,215.13 at 10 per cent interest. In actuality, the principal amount loaned was $125,000.00, and the interest amounted to $37,215.13. The note was to be repaid by five annual installments. By April 24, 1967, defendant Guetersloh had made payments of $38,597.17 and was behind $26,288.89. Plaintiff C. I. T. Corporation filed this suit on February 7, 1968, seeking judgment on the alleged note and judicial foreclosure of a chattel mortgage and deed of trust.

Defendants filed a general denial and counterclaim alleging that the $37,215.13 interest, which was to be paid, exceeded the maximum rate of interest allowable by $1,329.49. Plaintiff answered by alleging that the parties had miscalculated the interest. The plaintiff asked that the note be reformed to reflect the true intent of the parties.

■ Defendants' first point of error alleges that plaintiff C. I. T. Corporation failed to introduce the note into evidence. The defendants' contention is based on the fact that plaintiff's counsel did not utter the phrase "offer into evidence." During the trial, plaintiff produced the original document. It was inspected by the defendants' trial counsel, it was marked by the court reporter as as "plaintiff's Exhibit #1," it was handed to and received by the court, and it was placed in the statement of facts by the court reporter. The defendants' trial counsel treated the note as though it were in evidence. In fact, during the testimony the defendants' counsel objected to a question on the ground that it would "vary the terms of the contract which is already in evidence." The circumstances here are ample to indicate that the note was introduced in evidence.

■ There is no legal requirement that one who wishes to place a document in evidence use the word "offer." If an attorney's actions create a question as to whether a document is in evidence, it is incumbent on the complaining party, when the offering party begins to treat the document as though it were in evidence, to object thereto and to obtain a ruling on the objection by the trial court.

In a similar case, McGary v. First Bancredit Corporation, 273 S.W.2d 905 (Tex. Civ.App., writ ref'd, n. r. e.), the defendant complained on appeal that the evidence did not support the judgment as the note was not introduced into evidence. There the plaintiff had produced the note at the trial and had labeled it as plaintiff's Exhibit #1. The opposing counsel even objected to the introduction of the note. The trial court considered the note in making its findings of fact and conclusions of law. The court reporter, as in this case, had included the note in the statement of facts. The Court of Civil Appeals there held that the "above facts and circumstances, in our opinion, support the conclusion that the proper tender of the note was made by appellee for the record. The authorities cited by appellant having to do with the failure to place a note in the record are not applicable here under our holding, for the reason that we have concluded that the note was introduced in evidence before the court. This point is overruled." Supra, page 907.

■ The defendant also complains of the failure of plaintiff C. I. T. Corporation to introduce testimony that it was the present owner and holder of the note. It has long been the law in Texas that "(t)he possession of the note by the plaintiff was prima facie evidence of his ownership and

right to sue." Thompson v. Wheeler, 2 Tex. 260, 261 (Tex.Sup.1847); Dickson v. Dickson, 324 S.W.2d 422 (Tex.Civ.App.).

The defendants' other points of error complain of the trial court's action in re-. forming the note. The statutes concerning usury provide that interest in excess of 10 per cent per annum is usurious. "The theory of the law is, that the borrower's necessities deprive him of a freedom in contracting and place him at the mercy of the lender, under such moral duress as to take from him the character of *particeps criminis.*" Webb, Usury, p. 15 (1899); Glenn v. McCarty, 130 S.W.2d 295 (Tex. Civ.App., aff'd), 137 Tex. 608, 155 S.W.2d 912.

■ The usury statute is penal in nature. Its purpose is to penalize those who intentionally charge an interest in excess of that allowed by law. Where the creditor has made a small error in his calculation and when there is no intent to charge a usurious rate, the courts may reform the note so as to correct the error. "Where in calculating interest the amount charged is to a small extent greater than allowed by law, and is so made by mistake, and not with intent to charge usury, it is not usurious; but the court can make the proper deduction, and the party making such mistake will not be liable for the penalty." Western Bank & Trust v. Ogden, 42 Tex. Civ.App. 465, 93 S.W. 1102 (Tex.Civ. App.); Shaw v. Lumpkin, 241 S.W. 220 (Tex.Civ.App.); 11 A.L.R.3d 1498 (1967).

■ The trial court's judgment reforming the note was based on testimony by the plaintiff's employees who made the loan. They testified that it was the intention of both parties that the interest would be 10 per cent. This testimony by the makers of the loan that it was C. I. T.'s intention to charge 10 per cent interest and their testimony explaining how the error in calculations occurred was not hearsay, as alleged by the defendant. Based on this evidence, the trial court would be justified in holding that the plaintiff intended to charge only 10 per cent interest and that plaintiff made an honest mistake calculating the interest. If there was an error in the calculation and if there was no intent to charge usurious interest, the trial court may reform the agreement.

Judgment of the trial court is affirmed.