TEXAS HEALTH ENTERPRISES, INC.,
d/b/a Terrace West Nursing Center,
Petitioner,

v.

TEXAS DEPARTMENT OF HUMAN
SERVICES and Texas Department
of Health, Respondents.

No. 96–0969.

Supreme Court of Texas.

July 9, 1997.

J. Stephen Dillawn, Austin, for petitioner.

Sharon Sanders, Dan Morales, Austin, for respondents.

PER CURIAM.

The Administrative Procedure Act (APA) provides that a party seeking judicial review of an agency's decision "shall offer, and the reviewing court shall admit, the state agency record into evidence as an exhibit." TEX. GOV'T CODE § 2001.175(d). The issue in this cause is whether that provision precludes an appellate court from filing an administrative record that the parties and the district court treated as admitted evidence, although it was not formally tendered as evidence. We hold that the court of appeals should have filed the record, and we remand this cause to that court with instructions that it file the administrative record and consider the merits of Texas Health Enterprises' appeal.

Texas Health Enterprises, Inc., d/b/a Terrace West Nursing Center, sued the Texas Department of Health (TDH) for judicial review of the agency's decision to terminate its Medicaid certification. Although TDH filed

the record of the administrative proceedings with the district court clerk, neither party formally offered the record into evidence. The statement of facts and the court's order affirming TDH's decision leave no doubt, however, that both parties relied on the administrative record in their arguments and that the court based its decision upon the administrative record, as the APA requires. *See* TEX. GOV'T CODE § 2001.175(e).

On its appeal to the court of appeals, Texas Health Enterprises tried to file the administrative record as a supplemental transcript. The court of appeals reluctantly concluded that to file the administrative record would be contrary to this Court's opinion in *Nueces Canyon Consolidated Independent School District v. Central Education Agency,* 917 S.W.2d 773 (Tex.1996). 925 S.W.2d 750, 755.

In *Nueces Canyon,* the party seeking judicial review had offered the administrative record into evidence but tried to transmit the record to the court of appeals as part of the transcript (rather than as part of the statement of facts). *Nueces Canyon,* 917 S.W.2d at 775. We held that an appellant may bring an administrative record to the court of appeals either "as part of a statement of facts or [the] transcript so long as a court reporter's certificate or other evidence demonstrates that the trial court admitted the record." 917 S.W.2d at 776. In *Nueces Canyon,* however, it was uncontested that the district court had admitted the record into evidence. We did not consider the issue raised here: whether the trial court admitted the administrative record into evidence.

Appellate courts have repeatedly held that evidence that is not objected to and that the trial court and the parties treat as admitted is, for all practical purposes, admitted. *See Texas Dept. of Pub. Safety v. Latimer,* 939 S.W.2d 240, 243 (Tex.App.—Austin 1997, no writ); *see also Cornish v. State,* 848 S.W.2d 144, 145 (Tex.Crim.App.1993); *Heberling v. State,* 834 S.W.2d 350, 355–56 (Tex.Crim.App. 1992); *Killion v. State,* 503 S.W.2d 765, 766 (Tex.Crim.App.1973); *Richardson v. State,* 475 S.W.2d 932, 933 (Tex.Crim.App.1972); *Pickering v. First Greenville Nat'l Bank,* 479 S.W.2d 76, 78 (Tex.Civ.App.—Dallas 1972, no writ); *Guetersloh v. C.I.T. Corp.,* 451 S.W.2d

759, 760 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e.); *Hamilton v. Waples–Platter Co.,* 424 S.W.2d 295, 298 (Tex.Civ.App.—Fort Worth 1968, no writ); *McGary v. First Bancredit Corp.,* 273 S.W.2d 905, 908 (Tex.Civ. App.—Texarkana 1954, writ ref'd n.r.e.).

Accordingly, under Texas Rule of Procedure 170, we grant Petitioner's application for writ of error, and, without hearing oral argument, we reverse the court of appeals' judgment and remand this cause to that court with instructions that it file the administrative record and consider the merits of Texas Health Enterprises' appeal.