02-09-444-CV
















 

 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT
WORTH

 

NO. 02-09-00444-CV

 

 


 
 
 GARY REED WALP
 
 
                                            APPELLANT
 
 


 

V.

 


 
 
 EDDIE C. WILLIAMS
 
 
                                              
 
 APPELLEE
 
 


 

 

------------

 

FROM THE 89TH
DISTRICT COURT OF WICHITA
COUNTY

 

------------

 

OPINION

 

------------

          Appellant Gary Reed Walp, an inmate at the James V. Allred Unit of the Texas
Department of Criminal Justice, Institutional Division (TDCJ), appeals from the
trial court’s dismissal of his claims against Appellee Eddie C. Williams,
senior warden at the Allred Unit.  In
this appeal, we consider whether an inmate’s application for writ of habeas
corpus challenging the loss of good-time credit may serve as the basis for a
finding that the inmate is a vexatious litigant under section 11.054(1) of the
civil practice and remedies code.  We
hold that it may not.  Because we hold that
the trial court erred by finding Walp a vexatious
litigant, we reverse the trial court’s order dismissing his claims and remand
the case to the trial court.

          In
his petition, Walp alleged the following facts.  On March 28, 2008, after Walp
and other prisoners had been placed on lockdown, Williams authorized the
seizure of Walp’s radio and night lamp.  Walp alleged that Williams
had authorized the lockdown as a pretext for seizing Walp’s
property, that the seizure violated TDCJ’s lockdown policy, and that the
seizure of his property was “meant to cause [him] psychological pain associated
with anger, resentment, and hatred towards authority.”

          Williams
filed an answer asserting a general denial, various affirmative defenses, and
immunity.  Williams also filed a motion
to declare Walp a vexatious litigant.

A hearing, which Walp
attended, was held on Williams’s motion.  The trial court entered an order granting Williams’s motion and finding Walp
to be a vexatious litigant.  Based on
that finding, the trial court ordered that Walp
furnish security of $1,000 by December 3, 2009, and that “should [Walp] fail to furnish such security within the time set by
this Order, the above referenced and numbered cause is [dismissed].”  Walp did not furnish
the security.  On December 11, 2009, Walp filed his notice of appeal to this court.  Walp also filed a
motion for reconsideration to file litigation, which the local administrative
judge denied on February 2, 2010.

In Walp’s first of four points, he argues that the trial court
erred by declaring him a vexatious litigant.  Civil practice and remedies code section
11.054(1) allows a trial court to find a plaintiff a vexatious litigant if the
defendant establishes two prongs of the statute, one relating to the substance
of the plaintiff’s claims and one relating to the disposition of previous claims asserted by the plaintiff.  Tex. Civ. Prac. & Rem. Code Ann. § 11.054 (Vernon 2002).  First, the defendant must show that there is
not a reasonable probability that the plaintiff
will prevail on his claims against the defendant.  Id.  Second, the defendant must show that, in the
seven-year period preceding the date of the motion, the plaintiff has
commenced, prosecuted, or maintained at least five litigations, each of which must
have been

(A) finally determined adversely to the plaintiff; 

(B) permitted to remain pending at least two years without
having been brought to trial or hearing; or 

(C) determined by a trial or appellate court to be frivolous or
groundless under state or federal laws or rules of procedure.

 

Id.  The term “litigations” as used in the statute
refers only to civil actions.  Id. § 11.001(2)
(Vernon 2002).

If
the trial court finds the plaintiff is a vexatious litigant, it must order the
plaintiff to furnish security for the defendant’s benefit.  Id. § 11.055 (Vernon 2002). 
If the plaintiff fails to furnish security, the trial court must dismiss
the litigation.  Id. § 11.056 (Vernon 2002).

Here,
Williams introduced evidence of six previous claims in the seven years
immediately preceding the date of Williams’s
motion.  Williams established that Walp had filed four civil cases in state court.  Williams also presented two exhibits
regarding filings in federal court.  Exhibit
A was a copy of an order from the Fifth Circuit dismissing an appeal by Walp for failing to timely file a motion for certificate of
appealability.  Williams concedes that
this appeal was from the denial of habeas relief.

Exhibit
B was an order of dismissal and a report and recommendation of dismissal on Walp’s application for a writ of habeas corpus challenging
a disciplinary proceeding that resulted in “a loss of good time and a reduction
in time-earning class status.”  The order
states that Walp was eligible for mandatory
supervision, and therefore he presented a legitimate claim for federal habeas
relief, but that the application was moot because he had already been released
from physical custody on mandatory release.  Williams argues that either one of the
exhibits establishes the fifth litigation required under the vexacious litigant statute. 
See id. § 11.054.

This
court has not addressed whether an application for writ of habeas corpus
challenging a loss of good-time credit may be considered a “litigation” that
can be used to satisfy section 11.054(1)—that is, whether it may be classified
as a civil action.  The Texas Court of
Criminal Appeals has on two previous occasions considered how to classify an
application for a writ of habeas corpus under Texas law.  In Ex
parte Rieck,
the court considered how to characterize an inmate’s habeas application
complaining about the time credit consequences of his parole revocation.  144 S.W.3d 510, 519 (Tex.
Crim. App. 2004).  Although the
issue in that case was whether an application for habeas relief can be
considered a “lawsuit” for purposes of government code section 498.0045, Tex. Gov’t Code Ann. § 498.0045 (Vernon Supp. 2010) (requiring
the forfeiture of an inmate’s good conduct time if an inmate files a lawsuit
that is dismissed as frivolous, but not addressing whether it should be characterized
as civil or criminal), the court did discuss the trouble with characterizing
applications for habeas relief.  Rieck, 144 S.W.3d at 515–16.  The court observed that “most jurisdictions
have traditionally regarded habeas corpus as a civil remedy, even when the
relief sought is from confinement in the criminal justice system” but that
“courts have struggled with how to characterize habeas proceedings and have
sometimes characterized them as ‘neither civil nor criminal but rather sui generis.’”  Id.  It noted that the United States Supreme Court
has acknowledged the characterization of habeas corpus proceedings as civil but
has also referred to that label as “gross and inexact” and has stated that “[e]ssentially, the proceeding is unique.”  Id.
at 516 (citing Harris v. Nelson, 394
U.S. 286, 293–94, 89 S. Ct. 1082, 1087 (1969)). 
The court of criminal appeals also noted that “Texas has gone further in
eschewing the civil label for habeas proceedings arising from criminal
prosecutions or convictions.  Such
proceedings are categorized as ‘criminal’ for jurisdictional purposes and the
Texas Rules of Civil Procedure do not ordinarily apply.  Article 11.07 habeas proceedings are
categorized as criminal proceedings by statute.”  Id.

The
court ultimately held that a habeas proceeding under code of criminal procedure
article 11.07 is not a “lawsuit” for purposes of government code section
498.0045.  Id. at 521.  The legislature subsequently modified section
498.0045 so that the term “lawsuit” includes proceedings arising from an
application for writ of habeas corpus when the application was dismissed
because it was brought for the purpose of abusing judicial resources.  See
Tex. Gov’t Code Ann. § 498.0045(a), (a-1).  But although such an application for writ of
habeas corpus is now considered a “lawsuit” for purposes of section 498.0045, id., the legislature has not expressly
characterized it as civil in nature, and neither has the court of criminal
appeals.

The
court of criminal appeals has also held that chapter 11 of the civil practice
and remedies code does not apply to an application for writ of habeas corpus
under article 11.07.  See Aranda v.
Dist. Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App.
2006).  In Aranda, the court held that a
person found to be a vexatious litigant under that chapter is not prohibited
from filing an application for an article 11.07 writ of habeas corpus because
(1) chapter 11 only prohibits the filing of new civil actions and (2) an application for habeas relief under
article 11.07 is not a civil action.  Id.  The court referenced Rieck and noted that “we have
said that when a person is confined for violating a criminal statute and files
an application for a writ of habeas corpus challenging his confinement, the
proceeding is criminal, not civil, in nature.” 
Id.  Thus, under Texas law, an application for
habeas relief under article 11.07 is not a civil action that an inmate may be
prohibited from filing if that inmate has been declared a vexatious litigant
under section 11.054.

We
therefore conclude that if an article 11.07 habeas proceeding is not a civil
action that an inmate would be prohibited from filing if he has been found to
be a vexatious litigant under chapter 11, then neither can it be a civil action
for purposes of finding the inmate to be a vexatious litigant in the first
place.  We further conclude that if an
application for habeas relief under federal law challenges an inmate’s
confinement, then the court of criminal appeals’s
characterization of the proceedings as criminal still applies.[1]

In
this case, two of the previous filings relied on by Williams (Exhibit A and
Exhibit B) were applications for a writ of habeas corpus.  The record does not show the substance of Walp’s claim in Exhibit A. 
The trial court therefore could not have determined that the filing was
a civil action filed by Walp.  Exhibit B consists of a judgment and a report
and recommendation of dismissal on a claim by Walp challenging
his loss of good-time credits and, thus, challenging the duration of his
confinement.  See Preiser v. Rodriguez, 411 U.S. 475,
500, 93 S. Ct. 1827, 1841 (1973) (holding that an inmate who challenges a
disciplinary proceeding that resulted in the loss of good-time credit is “attacking
the very duration of [his] physical confinement itself”).  We hold that this filing was criminal in
nature and therefore cannot satisfy the section 11.054(1) criteria.

Williams
argues that in the case shown in Exhibit B, Walp also
asserted a claim for damages based on retaliatory use of prison procedures and
that this claim had been dismissed as frivolous.  But the appellate record does not contain any
reference to such a claim.  See Tex. R. App. P. 34.1 (providing that
the appellate record consists of the clerk’s record and, when necessary, the
reporter’s record).  Williams attempted
to supplement the appellate record to include such evidence, but because that
evidence was not produced in the trial court, we cannot consider it in reviewing
the trial court’s finding.  See Disco Mach. of Liberal Co. v. Payton,
900 S.W.2d 71, 74–75 (Tex. App.—Amarillo 1995, no writ) (“Leave to supplement
merely encompasses permission to augment the appellate record with the existing
trial court record; it does not allow the creation of a new trial court
record.”); see also Willmann
v. City of San Antonio, 123 S.W.3d 469, 482 n.6 (Tex. App.—San Antonio
2003, pet. denied) (refusing to consider evidence that was not presented as
evidence for the trial court to consider); Clark
v. Noyes, 871 S.W.2d 508, 520 n.5 (Tex. App.—Dallas 1994, no writ) (stating
that a court of appeals considers only evidence tendered or admitted at the
time of the hearing and that “[i]f we were to
consider evidence for the first time, never presented to the trial court, we
would in effect be converting this Court into a court of original
jurisdiction”).

Because
the record before the trial court showed only four previous civil actions
brought by Walp, Williams did not establish that Walp met the criteria of a vexatious litigant.  See
Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1).  Applying
the appropriate standard of review, see
Leonard v. Abbott, 171 S.W.3d 451,
458–59 (Tex. App.—Austin 2005, pet. denied), we hold that the trial court
abused its discretion by granting Williams’s
motion.  Accordingly, we sustain Walp’s first point.

          In Walp’s
second point, he asserts that the trial court erred by excluding his
evidence.  From Walp’s
description of his exhibits, all of the evidence that he wished to offer
related to whether there was no reasonable probability that he would prevail on
his claims against Williams.  Because we
have sustained Walp’s first point, we need not reach
this issue.  See Tex. R. App. P. 47.1.

In Walp’s third point, he contends that the trial court erred
by dismissing his case.  The trial
court’s order requiring Walp to post security was
based on the trial court’s finding that Walp was a
vexatious litigant.  Because the trial
court abused its discretion by finding Walp a
vexatious litigant, the trial court also abused its discretion by ordering Walp to post the security required after such a finding and
by dismissing Walp’s case for failure to post that
security.  We sustain Walp’s
third point.

          In Walp’s
fourth and final point, he argues that the local administrative judge abused
its discretion by denying his motion for reconsideration to file litigation.  Although the order denying the motion appears
in the appellate record, the motion itself does not.  A document that appears to be such a motion
(bearing no indication that it was ever filed) is attached to Walp’s supplemental brief, but we may not consider it.  See In
re A.D.A., 287 S.W.3d 382, 389 (Tex. App.—Texarkana 2009, no pet.) (noting that courts of appeals may not consider documents
that are attached as appendices to briefs that are not part of the appellate
record); Randle v. Wilson, 26 S.W.3d
513, 516 n.1 (Tex. App.—Amarillo 2000, no pet.) (same).  Assuming that Walp’s
motion related to his suit in this case, because we have already held that the
trial court abused its discretion by finding Walp a
vexatious litigant and dismissing his claim, we do not need to reach this
point.  See Tex. R. App. P. 47.1.

          Having sustained Walp’s
dispositive points, we reverse the trial court’s order finding Walp a vexatious litigant and dismissing his claim for
failure to post security, and we remand this cause to the trial court for
further proceedings.

 

 

                                                                             
 
 
 
 
 
 
 
 LEE GABRIEL

                                                                             
 
 
 JUSTICE

 

PANEL:  DAUPHINOT, WALKER, AND GABRIEL, JJ.

 

DAUPHINOT,
J., filed a concurring opinion.

 

DELIVERED:  December 16, 2010

 




 





 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00444-CV 

 

 


 
 
 Gary Reed Walp
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Eddie C. Williams
 
 
  
 
 
 APPELLEE 
 
 


 

 

----------

 

FROM THE
89th District Court OF Wichita
COUNTY

----------

 

CONCURRING
OPINION

----------

          The majority states that “if an application
for habeas relief under federal law challenges an inmate’s confinement, then
the court of criminal appeals’s characterization of the proceedings as criminal
still applies.”[2]  I agree, but I write separately because the
majority does not but should expressly hold that Walp’s habeas action in this
case was a challenge to his confinement.

Under Texas
law, with limited exception, the State must
release an inmate to mandatory supervision when his time served plus good
conduct time equals his sentence.[3]  The court of criminal appeals has granted
habeas relief under article 11.07 when an inmate who was entitled to immediate
release under mandatory supervision was still confined despite his right to
release.[4]

But the
court of criminal appeals apparently sees a difference between (1) a claim by
an inmate entitled to immediate mandatory release that he is being illegally
detained in violation of the mandatory supervision provision, and (2) an
inmate’s challenge to a disciplinary proceeding that resulted in the loss of
good-time credit, which would then result in the inmate at some point in the future being detained beyond the point at
which he would have been entitled to mandatory supervision had good-time credit
not been forfeited.  That court has
indicated that a challenge to the loss of good-time credit is a challenge to
the condition, rather than the fact, of the inmate’s confinement.[5]

The United
States Supreme Court, on the other hand, has held that an inmate
who challenges a disciplinary proceeding that resulted in the loss of good-time
credit, even when the inmate is seeking only speedier (rather than immediate)
release, is “attacking the very duration of [his] physical confinement itself.”[6]  Thus, the U.S. Supreme Court would
characterize Walp’s habeas action as challenging his confinement.  I agree with the characterization of the U.S.
Supreme Court.

Furthermore,
although the court of criminal appeals would not grant habeas relief in such
cases, I agree with the majority’s implicit holding that, for purposes of
classifying such an action as civil or criminal, that court would also consider
such an action as complaining about the inmate’s confinement.  Although an inmate in such a situation would
be challenging future rather than current confinement, such a complaint cannot
logically be classified as merely challenging prison conditions.  This is so even if the inmate challenges the
loss of good-time credit by way of attacking the prison’s disciplinary
proceedings that resulted in the credit loss. 
In this case, Walp appears to have challenged his continued confinement,
and, therefore, he challenged the fact of his confinement.

If the
majority does not wish to go so far as to hold that a challenge to prospective confinement is a criminal
proceeding under Texas law, 
it could still expressly hold that a challenge to the loss of
good-time credit that would entitle the inmate to immediate release is a criminal proceeding.  And because it was not clear from the
evidence that Walp did not seek immediate release, Williams did not meet his
burden to show that Walp’s habeas action was a civil proceeding.  But either way, this court should expressly
state that Walp’s complaint about prison disciplinary procedures and the loss
of good-time credit was a challenge to his confinement.

I also
write to address Walp’s second issue, in which he asserts that the trial court erred by excluding his evidence.  At the hearing on Williams’s motion, Walp opened his argument by stating, “I
would like to begin with introducing Exhibit A,” his answers to Williams’s interrogatories. 
He then described ten other exhibits he had brought with him, all
relating to whether his claims had merit. 
Walp did not offer the documents to Williams for inspection or ask the
court reporter to mark them as exhibits. 
Near the end of the hearing, the following exchange occurred:

THE COURT:  Anything further?

 

[Attorney for Williams]:  No, Your
Honor.

 

THE COURT:  Okay.

 

[Walp]:  What about my exhibits?

 

THE REPORTER:  They were never
admitted.

 

[Walp]:  Well, I need to admit
them.

 

THE COURT:  Well, they weren’t . .
. offered.

 

[Walp]:  So you’re going to get me
on a technical?  I didn’t know how to
offer the evidence.  I said I had some
exhibits.

 

THE COURT:  You didn’t make the
offer to allow your opponent the opportunity to either object or not object to
them.

 

[Walp]:  Well, I have no knowledge
of—of those—I don’t have no knowledge of—of the formality of doing that.  I sat here and said I had some exhibits that
I needed to enter and I read them off. 
Now you’re going to deny my exhibits on a technicality?

 

THE COURT:  No, they were not
offered.  

 

On remand,
if Williams files another motion to declare Walp a vexatious litigant, the
trial court will be required to conduct a hearing before ruling on the motion.[7]  If Walp is present at that hearing,[8] he
will almost certainly attempt, once again, to offer evidence to rebut
Williams’s arguments that there is no reasonable probability that he would
prevail on his claims.  Walp’s ignorance
of the usual procedures that attorneys use for offering evidence will likely
result in frustration from all sides, and, if the outcome of the hearing is unfavorable
to him, an appeal raising this same issue. 
Judicial economy therefore suggests that we should address this
sure-to-be-raised-again issue now rather than spend further judicial resources
addressing it later.  Furthermore, Walp’s
ignorance of evidentiary procedure will divert the trial court’s and the
parties’ attentions away from where it belongs—on the merits—and focus it on
arguments about what magic words a party must use to have the trial court
consider the admissibility of evidence. 
In the interest of judicial economy, and to eliminate one unnecessary
ground for contention on remand, I note that generally, a party wishing to
place a document into evidence should produce the document and in some way
signify that he is offering it into evidence, allow the opposing party to
inspect the evidence and make any objections to its admission, have the
evidence marked as an exhibit by the court reporter, and hand it to the trial
judge.[9]  Though helpful, there is no need for a party
wishing to place a document into evidence to specifically use the word “offer.”[10]

Because I
agree with the majority’s holding, I respectfully concur.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

DELIVERED:  December 16, 2010











[1]Further supporting
our conclusion that applications for habeas relief challenging an inmate’s
confinement do not fall within the purview of section 11.054 are the
already-existing schemes for addressing inmates who repeatedly file such
applications.  See Tex. Code Crim. Proc. Arts. 11.07, § 4(a), 11.071, § 5(a)
(Vernon 2005); see also Ex parte Barber,
879 S.W.2d 889, 893 n.1 (Tex. Crim. App. 1994) (discussing the abuse of writ
doctrine).





[2]Majority op. at 7.





[3]Tex.
Gov’t Code Ann. § 508.147 (Vernon 2004) (“[A] parole panel shall order the
release of an inmate who is not on parole to mandatory supervision when the
actual calendar time the inmate has served plus any accrued good conduct time
equals the term to which the inmate was sentenced.”), § 508.149 (Vernon 2004)
(setting out circumstances in which an inmate is not eligible for mandatory
supervision).





[4]See, e.g., Ex parte McGee,
962 S.W.2d 49, 49 (Tex. Crim. App. 1998).





[5]See Ex parte Palomo, 759 S.W.2d 671, 674
(Tex. Crim. App. 1988) (noting that the court of criminal appeals does not consider
complaints about disciplinary proceedings or the loss of good-time credit, which
relate to the terms and conditions of an inmate’s imprisonment, by way of a
writ of habeas corpus).





[6]Preiser v. Rodriguez, 411 U.S. 475,
487–88, 93 S. Ct. 1827, 1835 (1973).





[7]See Tex. Civ. Prac. & Rem. Code Ann.
§ 11.053 (Vernon 2002) (requiring  a
hearing before ruling on a motion to declare a party a vexatious litigant).





[8]See Garrett v. Macha, No. 02-09-443-CV,
2010 WL 3432826, at *3 (Tex. App.—Fort Worth Aug. 31, 2010, no pet.) (mem. op.)
(noting that an inmate does not have an absolute right to be present at a
hearing on a motion to declare him a vexatious litigant).





[9]See Guetersloh v. C. I. T. Corp., 451 S.W.2d 759,
760 (Tex. Civ. App.—Amarillo 1970, writ ref’d n.r.e.).  





[10]Id.