# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

## NO. 03-12-00558-CV

**Happy Jack Ranch, Inc. and Frederick J. Behrend, Appellants**

**v.**

**HH&L Development, Inc.; Matthew Stolhandske, Trustee; Michael Strnad, Appellees**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
## NO. C2010-1022A, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgment dated March 27, 2015, and substitute the following opinion and judgment in their place. We deny appellee Michael Strnad's motion for rehearing.

This appeal from a suit to quiet title arises from a colorful and ultimately ill-fated business relationship between Frederick J. Behrend and Michael Strnad. Behrend and Strnad were engaged in the bail-bond business. During the 1990s, Behrend's company—Happy Jack Ranch, Inc.—deeded several tracts of land in Comal County to Strnad. Although the general warranty deeds did not identify any trust or beneficiary status, Behrend and Happy Jack Ranch (collectively appellants) contend there was an oral agreement that Strnad would hold only nominal title to the

properties in trust for Behrend's benefit. The appellants contend the purpose of the conveyances was to allow Strnad to use the properties as security for issuing bail bonds.

In June 1998, a federal grand jury indicted Strnad and Behrend for tax evasion and other tax violations arising from their bail-bond business. Strnad pleaded guilty to a lesser charge of failing to file a tax return and received probation. Behrend, however, pleaded guilty to the charged offenses and was sentenced to fifteen years' imprisonment. The factual basis Behrend signed in support of his plea stated that he had conspired to defraud the IRS from collecting income taxes on revenues earned on his bail-bond business, in part by placing his assets in Strnad's name, and then later attempting to murder Strnad to prevent him from providing incriminating evidence.

In 2001, while Behrend was in prison for these crimes, Strnad conveyed title to the four properties at issue here to Matthew Stolhandske. Stolhandske conveyed the same properties to HH&L Development, Inc., in 2004. Both Stolhandske and HH&L waited until 2005 to record the deeds with the county clerk. In July 2010, the appellants filed this suit to quiet title against Strnad, Stolhandske, and HH&L (collectively appellees) seeking to have the deeds to Stolhandske and HH&L declared void based on a default judgment taken against Strnad in a previous suit. The trial court granted Strnad's motion to dismiss the appellants' claims and entered a final judgment awarding Strnad $20,750 in attorney fees. Based on our conclusion that limitations bars the appellants' claims, we affirm the trial court's judgment dismissing appellants' claims. Because there is no evidence to support the reasonableness and necessity of the amount of attorney fees, however, we reverse the trial court's award of attorney fees.

## PROCEDURAL BACKGROUND

The business relationship between Behrend and Strnad has generated many civil lawsuits and criminal investigations. As the parties are familiar with the complex procedural background of this suit, we will discuss only those facts necessary to render our decision. *See* Tex. R. App. P. 47.1 (stating appellate court opinions should be as brief as practicable in addressing issues necessary to final disposition), 47.4 (stating memorandum opinions should be no longer than necessary to advise parties of court's decision and basic reasons for it).

The lengthy civil litigation battle among the parties to this suit began in April 2003, almost two years after Strnad deeded the properties at issue to Stolhandske. In the first lawsuit, Behrend sued both Strnad and Stolhandske, alleging that Strnad held real-estate properties in trust for his benefit and that Strnad and Stolhandske had conspired to deprive him of his property by transferring the titles to Stolhandske.[1] In October 2001, while the first suit was pending, Behrend filed a second suit in the same county. The second suit, however, was against Strnad only and sought a declaration that he held several properties in trust for Behrend's benefit, including the four tracts at issue here. Behrend filed the second suit more than two years after Strnad had transferred title to the properties, but Behrend did not sue nor seek a declaration against Stolhandske. After Strnad failed to file an answer in the second suit, the trial court entered a default judgment on December 17, 2003, declaring that Strnad held the properties in trust for Behrend's benefit and vesting Behrend with lawful title.

---

[1] Strnad transferred multiple properties to Stolhandske, only four of which are at issue here. The record is unclear as to whether Behrend's original petition in the prior suit sought a declaration regarding these four tracts.

3

In October 2009, Behrend nonsuited the lawsuit against Strnad and Stolhandske. The following year, in July 2010, the appellants filed the underlying lawsuit against Strnad, Stolhandske, and HH&L Development, seeking to quiet title to the four tracts of land. The appellants alleged that Behrend was the lawful owner of the properties under the default judgment and that the deeds to Stolhandske and HH&L were void and clouded his title. The appellants also asserted that Strnad and Stolhandske had been aware of Behrend's equitable interest in the properties. Strnad filed a motion to dismiss and motion for summary judgment in response, in which the other defendants joined, contending that Behrend lacked standing to challenge the conveyances because he was not a named beneficiary under the deeds and asserting the affirmative defenses of limitations, res judicata and in pari delicto.[2] After a hearing, the trial court granted the motion to dismiss without specifying the grounds for the ruling. Strnad then filed a motion for attorney fees, to which the appellants objected, but after a hearing, the trial court issued a final judgment that awarded Strnad $20,750 in attorney fees.

On appeal, the appellants contend the trial court erred in granting the motion to dismiss because: (1) the motion was an impermissible collateral attack on Behrend's 2003 default judgment; (2) the appellants have standing to challenge the deeds and the motion to dismiss was an improper procedural vehicle for asserting affirmative defenses; and (3) the appellees failed to prove their affirmative defenses as a matter of law. The appellants also challenge the trial court's

---

[2] The affirmative defense of in pari delicto requires Texas courts, as a general rule, to deny relief to a party to an illegal contract. *See Lewis v. Davis*, 199 S.W.2d 146, 151 (Tex. 1947); *Geis v. Colina Del Rio, LP*, 362 S.W.3d 100, 106 (Tex. App.—San Antonio 2011, pet. denied).

award of attorney fees, contending that Strnad's evidence of attorney fees was inadmissible and that there were no statutory grounds for awarding fees.

**MOTION TO DISMISS**

The complex history of these properties presents a morass of legal issues, but the dispositive issue for this appeal is whether the statute of limitations bars the appellants from raising any of those legal issues in a suit filed almost a decade after Strnad transferred title to the properties. As a preliminary matter, however, we must first dispose of appellants' procedural complaint regarding Strnad's use of a motion to dismiss to assert the affirmative defense of limitations.

As the appellants suggest, affirmative defenses such as limitations are not typically disposed of in connection with a motion to dismiss, but through a motion for summary judgment, sometimes special exceptions, or at trial. *See, e.g.*, *In re D.K.M.*, 242 S.W.3d 863, 865 (Tex. App.—Austin 2007, no pet.) (noting "affirmative defense such as running of limitations should be raised through a motion for summary judgment, not through a motion to dismiss"); *Tullis v. Georgia-Pac. Corp.*, 45 S.W.3d 118, 128 (Tex. App.—Fort Worth 2000, no pet.) ("defendant seeking a dismissal based on an affirmative defense such as statute of limitations must first file a special exception or a motion for summary judgment giving the plaintiff an opportunity to respond"). But before raising the issue in his motion to dismiss, Strnad filed a motion for summary judgment urging limitations grounds, giving appellants time to respond, *see* Tex. R. Civ. P. 166a, and then incorporated that motion into his amended motion to dismiss. *See Tullis*, 45 S.W.3d at 128 (defendant seeking dismissal on affirmative defense must first file special exception or motion for

5

summary judgment giving plaintiff opportunity to respond). The other defendants joined Strnad's summary-judgment motion and also filed their own summary-judgment motions urging limitations. Moreover, after Strnad filed his summary-judgment motion, Behrend amended his pleadings twice and filed a response asserting the same defense to limitations that he raises in this appeal. *See Hunter v. Johnson*, 25 S.W.3d 247, 250 n.5 (Tex. App.—El Paso 2000, no pet.) (reversing judgment on motion to dismiss based on limitations because trial court did not give plaintiff opportunity to respond that would have been available under motion for summary judgment). We hold that, under these particular facts, the limitations issue was properly before the trial court in a summary-judgment posture, and we will review the trial court's judgment accordingly. *See Briggs v. Toyota Mfg.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.) (reviewing dismissal under summary-judgment standard); *Pipes v. Hemingway*, 358 S.W.3d 438, 447 (Tex. App.—Dallas 2012, no pet.) (same); *cf. O'Carolan v. Hopper*, 414 S.W.3d 288, 297 n.4 (Tex. App.—Austin 2013, no pet.) (concluding procedural error resulting from asserting limitations defense through motion to strike pleadings *not* cured by filing summary judgment on different grounds).[3]

## LIMITATIONS

In their substantive limitations complaint, appellants maintain that, even though it seeks to set aside deeds executed almost a decade ago, their suit is viable because it is a suit to quiet

---

[3] Because the standard of review for summary judgments is well known, we will not review it here, other than to cite to some relevant supreme court cases and the controlling rule of procedure. *See* Tex. R. Civ. P. 166a; *see, e.g.*, *KMC Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015) (generally and as to affirmative defenses); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (generally); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (generally).

title, which is not subject to limitations. But appellants are only partially correct: "[A]n equitable action to remove cloud on title is not subject to limitations *if* a deed is void or has expired by its own terms." *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007) (emphasis added). "But the same rule does not apply when a deed is voidable rather than void." *Id*. If a deed is merely voidable, the four-year statute of limitations will apply to the suit. *Id*.

In this case, if the four-year statute of limitations applies, the limitations period began to run, at the very latest, when Stolhandske and HH&L recorded their deeds—on June 24, 2005, and April 18, 2005, respectively. *See* Tex. Prop. Code § 13.002 (recorded deed is notice to all persons of existence of instrument). Behrend, however, filed this lawsuit on July 26, 2010, which is well outside the four-year limitations period. Consequently, we need not determine the exact date of accrual because, regardless of which date we apply, the lawsuit was not filed within the four-year limitations period.[4] Thus, the question before us is whether the deeds were void or merely voidable and subject to limitations. *See id*.

The question of whether a deed is void or voidable depends on its effect upon the title at the time it was executed and delivered. *Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied). A void deed is "without vitality or legal effect." *Slaughter*, 162 S.W.2d at 674. Conversely, a voidable deed "operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained and declared." *Id*. "When a deed is merely voidable, equity will not intervene as the claimant has an adequate legal remedy." *Ford*, 235 S.W.3d at 618. Thus, "if

---

[4] There is evidence in the record that Behrend discovered the conveyances before the deeds were recorded.

7

removal of the cloud depends on a tort or contract claim, it must be brought within the applicable limitations period." *Ditta v. Conte*, 298 S.W.3d 187, 192 (Tex. 2009). A party may not attack a facially valid, and thus voidable, deed merely by pleading in equity. *Ford*, 235 S.W.3d at 618.

Here, the appellants' suit to quiet title turns on the validity of Strnad's conveyances to Stolhandske. At the time of these conveyances, Strnad held title to the properties at issue through general warranty deeds from Happy Jack. As the deeds from Happy Jack did not identify a trust or a beneficiary, the chain of title showed that Strnad held fee-simple title to the properties. Thus, on the face of the titles, Strnad had the legal authority to convey the deeds, and the conveyances to Stolhandske were facially valid and effective at the time of execution. Further, the fact that the deeds were not immediately recorded did not render the conveyances void. Recording a deed is not necessary to pass title. *Thornton v. Rains*, 299 S.W.2d 287, 288 (Tex. 1957). An unrecorded deed is binding on the parties to the conveyance and is only "void as to a creditor or to a subsequent purchaser for valuable consideration without notice." Tex. Prop. Code § 13.001. Here, Behrend is not a creditor or subsequent purchaser. Therefore, the delay in recording did not render the deeds void. *See id*.

Accordingly, we conclude that—when the deeds were executed—the conveyances to Stolhandske were facially valid, and thus merely voidable and subject to limitations. The question remains, however, as to the effect of the declaratory judgment against Strnad that he held the properties in trust and vesting Behrend with title, but entered after Strnad had already effectively deeded the properties to Stolhandske and without his joinder. "A final judgment that establishes title or right to possession in an action to recover real property is conclusive against the party from

8

whom the property is recovered and against a person claiming the property through that party by a title that arises after the action is initiated." *Id*. § 22.003. Here, however, Stolhandske was not a party to the lawsuit and obtained title to the properties *before* Behrend initiated the proceedings. As such, we cannot conclude that the default judgment rendered Stolhandske's deeds void. *See id*.; *Richardson v. Reid*, 188 S.W.2d 248, 252–53 (Tex. Civ. App.—Beaumont 1945, no writ) (judgment involving interest in land does not limit or defeat interest already vested in person who was not made party to suit).

Moreover, regardless of whether Strnad held the properties in trust for Behrend, the existence of the trust would not render Strnad's prior conveyances to Stolhandske void. The Legislature has provided that when "property is conveyed or transferred to a trustee in trust but the conveyance or transfer does not identify the trust or disclose the names of the beneficiaries, the trustee may convey, transfer, or encumber the title to the property without subsequent question by a person who claims to be a beneficiary under the trust." Tex. Prop. Code § 114.082. As the deeds from Happy Jack to Strnad did not disclose a trust or a beneficiary, Strnad had statutory authority to convey title to the property "without subsequent question" from Behrend. *See id*. As such, the existence of the trust would not render Strnad's prior conveyances void.[5]

We hold that limitations bars the appellants' claims and affirm the judgment of the trial court dismissing the appellants' suit to quiet title.

---

[5] Behrend pleaded in this suit that Strnad and Stolhandske were aware of his beneficial interest in the properties and, in prior suits, has alleged that they conspired to defraud him of his property. We note that, at best, this allegation would render the deeds merely voidable and subject to limitations. "Deeds obtained by fraud are voidable rather than void, and remain effective until set aside." *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007).

## ATTORNEY FEES

In their second issue, appellants challenge the legal sufficiency of the evidence supporting the trial court's award of $20,750 in attorney fees. Specifically, they argue that there is no evidence of the reasonableness and necessity of the amount awarded and, for that reason, the trial court abused its discretion in awarding attorney fees. We agree.

Although the trial court did not specify a statutory or contractual basis on which it awarded attorney fees, *see MBM Fin. Corp. v. The Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009) ("Texas has long followed the 'American Rule' prohibiting [attorney-]fee awards unless specifically provided by contract or statute."), and Strnad's live pleadings were likewise nonspecific as to the authority, *see Bullock v. Regular Veterans Ass'n of U.S., Post No. 76*, 806 S.W.2d 311, 315 (Tex. App.—Austin 1991, no writ) ("general allegation" of entitlement to attorney fees is sufficient if opposing party fails to specially except to lack of specificity), Happy Jack Ranch's suit against Strnad sought a declaration under the Uniform Declaratory Judgments Act, which allows trial courts to "award costs and reasonable and necessary attorney's fees as are equitable and just," Tex. Civ. Prac. & Rem. Code § 37.009, and Strnad's successful limitations argument, as discussed above, relied on provisions of the Texas Trusts Code, which allows a trial court to award "reasonable and necessary attorney's fees as may seem equitable and just" in any proceeding under the Trust Code, Tex. Prop. Code § 114.064(a).[6] Thus, under either statutory basis, Strnad was required to prove

---

[6] Although Strnad's motion also asserted that the trial court could award attorney fees as sanctions, the trial court did not make the required findings or otherwise specify any acts or omissions by the appellants that would support an award of attorney fees as sanctions. *See* Tex. Civ. Prac. & Rem. Code §§ 10.002(a)(8) (authorizing reasonable attorney fees for violation of frivolous-pleadings provisions), .005 ("A court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the

reasonableness and necessity. *See Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)).

Presumably in an effort to satisfy this requirement, Strnad attached various exhibits to his motion for attorney fees (and to a later-filed supplement to that motion) that purport to support the reasonableness and necessity of the attorney fees awarded by the trial court. *See Woollett v. Matyastik*, 23 S.W.3d 48, 52 (Tex. App.—Austin 2000, pet. denied) (noting that expert "evidence must be presented on the[] issue [of the reasonableness and necessity of the amount requested] to support an award of attorney's fees"); *see also, e.g.*, *Long*, 442 S.W.3d at 255 (discussing evidence required to show reasonableness and necessity). But these exhibits were not admitted into evidence, are not included in the reporter's record before this Court, and as a result, cannot be considered on appeal. *See* Tex. R. App. P. 34.6 (reporter's record consists of transcript of proceedings and exhibits); *Vanscot Concrete Co. v. Bailey*, 862 S.W.2d 781, 783 (Tex. App.—Fort Worth 1993, *aff'd* 894 S.W.2d 757 ("Our duty, as an appellate court, is to consider only the testimony adduced and the evidence tendered and/or admitted at the time of trial."); *Noble Exploration, Inc. v. Nixon Drilling, Co.*, 794 S.W.2d 589, 592 (Tex. App.—Austin 1990, no writ) (holding that documents not introduced into evidence at trial may not be considered on appeal). Documents attached to pleadings are not evidence unless they are offered and admitted as evidence by the trial court. *Guerinot v. Wetherell*, No. 01–12–00194–CV, 2013 WL 2456741, at *5 (Tex. App.—Houston

---

sanction imposed."); Tex. R. Civ. P. 13 (authorizing reasonable attorney fees for groundless or bad-faith pleadings, but requiring they not be "imposed except for good cause, the particulars of which must be stated in the sanction order"). Regardless, an award of attorney fees as sanctions would still require evidence of its reasonableness. *See* Tex. Civ. Prac. & Rem. Code § 10.002(a)(8); Tex. R. Civ. P. 13.

11

[1st Dist.] June 6, 2013, no pet. (mem. op.) ("Simply attaching a document to a pleading neither makes the document admissible as evidence nor dispenses with proper foundational evidentiary requirements." (citing *Atchison v. Weingarten Realty Mgmt. Co.*, 916 S.W.2d 74, 76–77 (Tex. App.—Houston [1st Dist.] 1996, no writ))); *Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 724 (Tex. App.—San Antonio 2004, no pet.) (same). And, more significantly here, because these exhibits were not introduced into evidence, they do not provide evidentiary support for the district court's award of attorney fees. *See Guerinot*, 2013 WL 2456741, at *5 (vacating turnover order because plaintiff's failure to offer into evidence list of defendant's property meant that she did not meet her burden of showing exempt property, despite fact that list was attached to pleading); *In re E.W.*, No. 05–01–01463–CV, 2002 WL 1265541, at *2 (Tex. App.—Dallas June 7, 2002, pet. denied) (mem. op.) (not designated for publication) (holding that evidence was legally insufficient to support termination because affidavit of relinquishment had not been offered or admitted into evidence and, as such, was not part of record); *see also, e.g.*, *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (reviewing court examines record for evidentiary support).

As part of our legal-sufficiency review on this issue, we have carefully examined the record in this case, but have found no evidence addressing the reasonableness of the amount of attorney fees awarded by the trial court. *See Burbage v. Burbage*, 447 S.W.3d 249, 259–60 (Tex. 2014) (examining entire record in no-evidence review). In fact, the reporter's record in this case indicates that no exhibits were admitted into evidence and no witnesses testified to the court.[7]

---

[7] Although the parties filed motions for summary judgment with attached exhibits, those exhibits are not considered evidence outside the summary-judgment context unless they are

12

It consists merely of the transcripts of the two hearings held by the trial court—the motion to dismiss and the motion for attorney fees.

Strnad disagrees that there is no evidence to support the awarded attorney fees, urging that, although not under oath, his attorney's argument to the trial court during the hearing on attorney's fees constituted sworn testimony that provided evidence to support the attorney-fees award. First, Strnad contends that appellees waived the requirement that an attorney's statements to the court must be under oath to be considered evidence by failing to object when his counsel was testifying at the hearing. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (noting "opponent of [attorney's] testimony can waive the oath requirement by failing to object when the opponent knows or should know that an objection is necessary"). Thus, Strnad continues, when his attorney made the following statement during the hearing, he provided both testimonial and documentary evidence to support the reasonableness and necessity of the awarded attorney fees:

> The designation of me [as] an expert was timely, at the very, very first month of discovery. There was really nothing to say about fees at that point. Nothing had happened. We went all the way through discovery. And—and I have given him—I have given him a proffer which I affirm and swear today is true and correct. I gave him a proffer, and I did attach his fees, but I also, at the end, attached my fees, Your Honor, to that same proffer. And so he has my time account and his time account.

admitted into the trial court's record. *See* Tex. R. Civ. P. 166a(a) (allowing supporting affidavits to accompany summary-judgment motion); *Celadon Trucking Servs., Inc. v. Titan Textile Co., Inc.*, 130 S.W.3d 301, 307 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ("The parties' summary-judgment affidavits and evidence were not admitted at trial. On appeal from a trial on the merits, we cannot consider summary-judgment evidence that was not admitted in evidence at trial."); *Noble Exploration, Inc. v. Nixon Drilling, Co.*, 794 S.W.2d 589, 592 (Tex. App.—Austin 1990, no writ) ("Although the contract was attached to Nixon's reply to Anthony's motion for partial summary judgment, it was not introduced into evidence at trial on the merits, and we may not consider it on appeal.").

13

And one of the principal reasons they were attached in juxtaposition there is because he has asked to be awarded for 60 point—62.3 hours of time to that point, and my time through that period is 62.65 hours. So our time is basically the same on the case, and that's not unexpected. The motions and responses were tit for tat. The court appearances were tit for tat. So the Court would expect them to be perfectly comparable.

Strnad contends that the above "testimony" as to the comparability of attorney fees gave the trial court an evidentiary basis to determine the reasonableness of the fee award. Strnad likewise reasons that the above "testimony" affirming and swearing to the truth and correctness of the proffer[8] transformed the documents attached to his motion into a "sworn proffer." We disagree.

Strnad's counsel was not providing any information about the reasonableness and necessity of his attorney fees. In fact, he was not providing any substantive information about the fees at all, at least not to the extent that opposing counsel would know or should know to object to the information as being testimony. *See id.* at 272 (noting that oath requirement can be waived if opponent fails to object when "opponent knows or should know that an objection is necessary"). Virtually the entire hearing from which this excerpt was taken was spent, not on the amount, reasonableness, or justification for attorney fees, but on whether Strnad would even be allowed to present evidence of his attorney fees. Specifically, Strnad's counsel, who had the majority of the time at the hearing, spent his allotment of time responding to appellants' motion to strike Strnad's attorney-fees evidence, which was based on appellants' argument that Strnad had failed to sufficiently supplement his discovery responses. *See* Tex. R. Civ. P. 193.6(a) (requiring trial court

---

[8] Strnad's motion for attorney fees is titled "Brief and Proffer in Support of Strnad's Motion for Attorney's Fees and For Anti-Suit Injunction" and his supplement to that motion is similarly titled, "Supplemental Brief and Proffer in Support of Strnad's Motion for Attorney's Fees and For Anti-Suit Injunction And Response to Behrend's Motions to Strike and For Clarification."

14

to exclude evidence for failure to timely supplement discovery response). As such, the above-quoted statement was part of Strnad's response to the discovery-related allegations. It was not an attempt to prove any facts regarding the attorney fees themselves, including their reasonableness or necessity, but only arguing that his client should be allowed to present the evidence at all.

Relatedly, although Strnad suggests that his counsel's comments regarding the comparability of fees offer some support for those fees, his attorney raised that issue in an effort to ward off an argument that the late supplement would unfairly surprise or prejudice the appellants:

> Your Honor, there's just no way he can be unfairly surprised or prejudiced when my fees are exactly what he asked the Court for way outside the discovery period, and I, a couple of weeks later, responded with my time and hours. So there's no surprise or prejudice on attorney's fees.

*See id.* 193.6(a)(2) (making exception if evidence's introduction will not unfairly surprise or prejudice). In other words, the information was not provided in such a way that opposing counsel would know or should know to object that the attorney was testifying. *See Banda*, 955 S.W.2d at 272.

Regardless, even if we were to agree with Strnad and accept his counsel's statements in the hearing as sworn testimony, his counsel said nothing that would constitute evidence of the reasonableness or necessity of the awarded attorney fees. As discussed above, he merely explained that his client should be able to offer expert evidence despite not having timely supplemented his discovery because that evidence would not be a surprise and would not prejudice appellants. As part of that explanation, he stated that his and opposing counsel's fees were comparable, but opposing counsel's fees were not admitted in evidence either, so no comparison is possible and, further, there

15

was no evidence as to the reasonableness and necessity of those fees. He explained why an award of attorney fees would be equitable and just in this case, but that issue is a legal question. *See Bocquet*, 972 S.W.2d at 21. He also affirmed that *one* of the proffers he made was true and correct, but even presuming this was meant to swear to the truth and correctness of the allegations in *both* the motion and supplemental motion for attorney fees, the effect would be merely to verify the motions; it would not constitute competent evidence. *See, e.g.*, *Olsen v. Commission for Lawyer Discipline*, 347 S.W.3d 876, 886 (Tex. App.—Dallas 2011, pet. denied) (party may not support its response to motion for summary judgment with affidavit attempting to verify truth and correctness of all allegations and facts, such document amounts to nothing more than verified responsive pleading, which is not competent summary-judgment evidence). Finally, although Strnad's counsel asked the trial court "to award us attorney's fees [as] supported in the proffer in the amount of $20,750, which is the 62 hours . . . [plus] another 21 hours," he did not state that the amount or the hourly rate to achieve that amount was reasonable or necessary. In sum, even accepting his counsel's argument as sworn testimony, there is no evidence in the record to support the reasonableness and necessity of the attorney-fee award.

We are aware that the supreme court has, on at least two occasions, directed this Court and another appellate court to consider evidence that was not formally admitted into the record at the trial court. *See Sanchez v. Bexar Cnty. Sheriff's Dep't*, 134 S.W.3d 202 (Tex. 2004) (per curiam) (holding that administrative record was constructively admitted because "both parties and the district court relied on the record as admitted throughout the proceedings"); *Texas Health Enters., Inc. v. Texas Dep't of Human Servs.*, 949 S.W.2d 313, 314 (Tex. 1997) (per curiam)

16

("[E]vidence that is not objected to and that the trial court and parties treat as admitted is, for all practical purposes, admitted."). After careful review of these cases and the cases collected in *Texas Health*,[9] we are not persuaded that the circumstances of this case warrant the same treatment.

First, both *Sanchez* and *Texas Health* were administrative appeals subject to statutory directives that the underlying agency record be admitted into evidence as an exhibit. *See Sanchez*, 134 S.W.3d at 203 (noting Local Government Code section 158.0122(c)'s requirement that commission record be admitted into evidence); *Texas Health*, 949 S.W.3d at 314 (noting Government Code section 2001.175(d)'s requirement that agency record be admitted into evidence and subsection (e)'s requirement that trial court base its decision on agency record). But more relevant here, given that this is not an administrative appeal, is the supreme court's emphasis on the parties' and trial court's assumption in both those cases that the evidence in question had been admitted. *See Sanchez*, 134 S.W.3d at 203 (noting "the parties and the district court relied on the administrative record throughout the review proceeding"); *Texas Health*, 949 S.W.2d at 314 (noting "the parties and the district court treated [the agency record] as admitted evidence"). That same assumption was not present here. To the contrary, appellants objected to the introduction of any expert-witness evidence on attorney fees for failure to timely supplement and had filed a motion to strike Strnad's motion for attorney fees on those same grounds. They argued that at the hearing, but did not obtain a ruling on either position because the trial court took the matter under advisement

---

[9] In *Texas Health Enterprises, Inc. v. Texas Department of Human Services*, the supreme court lists several appellate cases as support for its holding. *See* 949 S.W.2d 313 (Tex. 1997) (per curiam). Like *Texas Health*, in those cases all three parties relied on or acted as if the evidence had been admitted into evidence or did not object when the other party and the court treated the evidence as being admitted.

17

at the end of the hearing. Likewise, although Strnad's counsel urged the trial court to overrule appellants' objection and allow the evidence, his argument indicated an understanding that the issue was pending before the court:

> Beginning on Page 5 of my supplemental brief and proffer, I quote at length Rule 193.6. It says, Exclusion of evidence and exception. A party who fails to make, amend, supplement a discovery response in a timely manner *may not introduce into evidence* the material information that was not timely disclosed or offer testimony of a witness.
>
> . . . .
>
> Now, *you may not introduce it* unless the Court finds one of two things: there was good cause—and I don't even think we need to reach that issue, but you get to the "or," in the disjunctive, or the Court finds the failure to timely make or amend or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

(Emphases added.) Further, although there are no special words required to do so, Strnad's counsel never asked the court on the record to admit the documents into evidence and none of the parties acted as if the documents had been admitted. *See Sanchez*, 134 S.W.3d at 203; *Texas Health*, 949 S.W.2d at 314; *see also Guetersloh v. C.I.T. Corp.*, 451 S.W.2d 759, 760 (Tex. Civ. App.—Amarillo 1970, writ ref'd n.r.e.) (holding that word "offer" is not required to place document into evidence; if offering party's actions create a question as to whether document is in evidence, opposing party should object and obtain ruling). Accordingly, because there is no indication that the parties relied on or treated as admitted the attorney-fees evidence at issue here, the evidence was not constructively admitted for purposes of our review. *See Sanchez*, 134 S.W.3d at 203; *Texas Health*, 949 S.W.2d at 314.

Because there is no evidence in the record to support the reasonableness and necessity of the attorney-fees award, it was an abuse of discretion for the trial court to award the fees. *See Bocquet*, 972 S.W.2d at 21; *see also Garcia v. Gomez*, 319 S.W.3d 638, 646 (Tex. 2010) (Jefferson, C.J., dissenting) (collecting cases holding that award of attorney fees must be supported by evidence). Accordingly, we affirm appellants' second issue.

## CONCLUSION

Having affirmed appellants' second issue, we reverse the district court's award of attorney fees and render judgment that Strnad taking nothing on his claim for attorney fees. *See Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 166 (Tex. 2012) (rendering take-nothing judgment where no evidence to support claim). We affirm the remainder of the judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Puryear and Goodwin

Affirmed in part; Reversed and Rendered in part on Rehearing

Filed:  November 6, 2015

19