

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00444-CV

GARY REED WALP                                                    APPELLANT

V.

EDDIE C. WILLIAMS                                                   APPELLEE

------------

## FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## OPINION

------------

Appellant Gary Reed Walp, an inmate at the James V. Allred Unit of the Texas Department of Criminal Justice, Institutional Division (TDCJ), appeals from the trial court's dismissal of his claims against Appellee Eddie C. Williams, senior warden at the Allred Unit. In this appeal, we consider whether an inmate's application for writ of habeas corpus challenging the loss of good-time credit may serve as the basis for a finding that the inmate is a vexatious litigant under section 11.054(1) of the civil practice and remedies code. We hold that it may

not.  Because we hold that the trial court erred by finding Walp a vexatious litigant, we reverse the trial court's order dismissing his claims and remand the case to the trial court.

In his petition, Walp alleged the following facts.  On March 28, 2008, after Walp and other prisoners had been placed on lockdown, Williams authorized the seizure of Walp's radio and night lamp.  Walp alleged that Williams had authorized the lockdown as a pretext for seizing Walp's property, that the seizure violated TDCJ's lockdown policy, and that the seizure of his property was "meant to cause [him] psychological pain associated with anger, resentment, and hatred towards authority."

Williams filed an answer asserting a general denial, various affirmative defenses, and immunity.  Williams also filed a motion to declare Walp a vexatious litigant.

A hearing, which Walp attended, was held on Williams's motion.  The trial court entered an order granting Williams's motion and finding Walp to be a vexatious litigant.  Based on that finding, the trial court ordered that Walp furnish security of $1,000 by December 3, 2009, and that "should [Walp] fail to furnish such security within the time set by this Order, the above referenced and numbered cause is [dismissed]."  Walp did not furnish the security.  On December 11, 2009, Walp filed his notice of appeal to this court.  Walp also filed a motion for reconsideration to file litigation, which the local administrative judge denied on February 2, 2010.

2

In Walp's first of four points, he argues that the trial court erred by declaring him a vexatious litigant. Civil practice and remedies code section 11.054(1) allows a trial court to find a plaintiff a vexatious litigant if the defendant establishes two prongs of the statute, one relating to the substance of the plaintiff's claims and one relating to the disposition of previous claims asserted by the plaintiff. Tex. Civ. Prac. & Rem. Code Ann. § 11.054 (Vernon 2002). First, the defendant must show that there is not a reasonable probability that the plaintiff will prevail on his claims against the defendant. *Id*. Second, the defendant must show that, in the seven-year period preceding the date of the motion, the plaintiff has commenced, prosecuted, or maintained at least five litigations, each of which must have been

> (A) finally determined adversely to the plaintiff;
> (B) permitted to remain pending at least two years without having been brought to trial or hearing; or
> (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure.

*Id*. The term "litigations" as used in the statute refers only to civil actions. *Id*. § 11.001(2) (Vernon 2002).

If the trial court finds the plaintiff is a vexatious litigant, it must order the plaintiff to furnish security for the defendant's benefit. *Id*. § 11.055 (Vernon 2002). If the plaintiff fails to furnish security, the trial court must dismiss the litigation. *Id.* § 11.056 (Vernon 2002).

Here, Williams introduced evidence of six previous claims in the seven years immediately preceding the date of Williams's motion. Williams established

3

that Walp had filed four civil cases in state court. Williams also presented two exhibits regarding filings in federal court. Exhibit A was a copy of an order from the Fifth Circuit dismissing an appeal by Walp for failing to timely file a motion for certificate of appealability. Williams concedes that this appeal was from the denial of habeas relief.

Exhibit B was an order of dismissal and a report and recommendation of dismissal on Walp's application for a writ of habeas corpus challenging a disciplinary proceeding that resulted in "a loss of good time and a reduction in time-earning class status." The order states that Walp was eligible for mandatory supervision, and therefore he presented a legitimate claim for federal habeas relief, but that the application was moot because he had already been released from physical custody on mandatory release. Williams argues that either one of the exhibits establishes the fifth litigation required under the vexacious litigant statute. *See id*. § 11.054.

This court has not addressed whether an application for writ of habeas corpus challenging a loss of good-time credit may be considered a "litigation" that can be used to satisfy section 11.054(1)—that is, whether it may be classified as a civil action. The Texas Court of Criminal Appeals has on two previous occasions considered how to classify an application for a writ of habeas corpus under Texas law. In *Ex parte Rieck*, the court considered how to characterize an inmate's habeas application complaining about the time credit consequences of his parole revocation. 144 S.W.3d 510, 519 (Tex. Crim. App. 2004). Although

4

the issue in that case was whether an application for habeas relief can be considered a "lawsuit" for purposes of government code section 498.0045, Tex. Gov't Code Ann. § 498.0045 (Vernon Supp. 2010) (requiring the forfeiture of an inmate's good conduct time if an inmate files a lawsuit that is dismissed as frivolous, but not addressing whether it should be characterized as civil or criminal), the court did discuss the trouble with characterizing applications for habeas relief. *Rieck*, 144 S.W.3d at 515–16. The court observed that "most jurisdictions have traditionally regarded habeas corpus as a civil remedy, even when the relief sought is from confinement in the criminal justice system" but that "courts have struggled with how to characterize habeas proceedings and have sometimes characterized them as 'neither civil nor criminal but rather *sui generis*.'" *Id*. It noted that the United States Supreme Court has acknowledged the characterization of habeas corpus proceedings as civil but has also referred to that label as "gross and inexact" and has stated that "[e]ssentially, the proceeding is unique." *Id.* at 516 (citing *Harris v. Nelson*, 394 U.S. 286, 293–94, 89 S. Ct. 1082, 1087 (1969)). The court of criminal appeals also noted that "Texas has gone further in eschewing the civil label for habeas proceedings arising from criminal prosecutions or convictions. Such proceedings are categorized as 'criminal' for jurisdictional purposes and the Texas Rules of Civil Procedure do not ordinarily apply. Article 11.07 habeas proceedings are categorized as criminal proceedings by statute." *Id*.

5

The court ultimately held that a habeas proceeding under code of criminal procedure article 11.07 is not a "lawsuit" for purposes of government code section 498.0045. *Id.* at 521. The legislature subsequently modified section 498.0045 so that the term "lawsuit" includes proceedings arising from an application for writ of habeas corpus when the application was dismissed because it was brought for the purpose of abusing judicial resources. *See* Tex. Gov't Code Ann. § 498.0045(a), (a-1). But although such an application for writ of habeas corpus is now considered a "lawsuit" for purposes of section 498.0045, *id.*, the legislature has not expressly characterized it as civil in nature, and neither has the court of criminal appeals.

The court of criminal appeals has also held that chapter 11 of the civil practice and remedies code does not apply to an application for writ of habeas corpus under article 11.07. *See Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006). In *Aranda*, the court held that a person found to be a vexatious litigant under that chapter is not prohibited from filing an application for an article 11.07 writ of habeas corpus because (1) chapter 11 only prohibits the filing of new *civil* actions and (2) an application for habeas relief under article 11.07 is not a civil action. *Id*. The court referenced *Rieck* and noted that "we have said that when a person is confined for violating a criminal statute and files an application for a writ of habeas corpus challenging his confinement, the proceeding is criminal, not civil, in nature." *Id*. Thus, under Texas law, an application for habeas relief under article 11.07 is not a civil action that an inmate

6

may be prohibited from filing if that inmate has been declared a vexatious litigant under section 11.054.

We therefore conclude that if an article 11.07 habeas proceeding is not a civil action that an inmate would be prohibited from filing if he has been found to be a vexatious litigant under chapter 11, then neither can it be a civil action for purposes of finding the inmate to be a vexatious litigant in the first place. We further conclude that if an application for habeas relief under federal law challenges an inmate's confinement, then the court of criminal appeals's characterization of the proceedings as criminal still applies.[1]

In this case, two of the previous filings relied on by Williams (Exhibit A and Exhibit B) were applications for a writ of habeas corpus. The record does not show the substance of Walp's claim in Exhibit A. The trial court therefore could not have determined that the filing was a civil action filed by Walp. Exhibit B consists of a judgment and a report and recommendation of dismissal on a claim by Walp challenging his loss of good-time credits and, thus, challenging the duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973) (holding that an inmate who challenges a disciplinary proceeding that resulted in the loss of good-time credit is "attacking the very

---

[1]Further supporting our conclusion that applications for habeas relief challenging an inmate's confinement do not fall within the purview of section 11.054 are the already-existing schemes for addressing inmates who repeatedly file such applications. *See* Tex. Code Crim. Proc. Arts. 11.07, § 4(a), 11.071, § 5(a) (Vernon 2005); *see also Ex parte Barber*, 879 S.W.2d 889, 893 n.1 (Tex. Crim. App. 1994) (discussing the abuse of writ doctrine).

7

duration of [his] physical confinement itself"). We hold that this filing was criminal in nature and therefore cannot satisfy the section 11.054(1) criteria.

Williams argues that in the case shown in Exhibit B, Walp also asserted a claim for damages based on retaliatory use of prison procedures and that this claim had been dismissed as frivolous. But the appellate record does not contain any reference to such a claim. *See* Tex. R. App. P. 34.1 (providing that the appellate record consists of the clerk's record and, when necessary, the reporter's record). Williams attempted to supplement the appellate record to include such evidence, but because that evidence was not produced in the trial court, we cannot consider it in reviewing the trial court's finding. *See Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 71, 74–75 (Tex. App.—Amarillo 1995, no writ) ("Leave to supplement merely encompasses permission to augment the appellate record with the existing trial court record; it does not allow the creation of a new trial court record."); *see also Willmann v. City of San Antonio*, 123 S.W.3d 469, 482 n.6 (Tex. App.—San Antonio 2003, pet. denied) (refusing to consider evidence that was not presented as evidence for the trial court to consider); *Clark v. Noyes*, 871 S.W.2d 508, 520 n.5 (Tex. App.—Dallas 1994, no writ) (stating that a court of appeals considers only evidence tendered or admitted at the time of the hearing and that "[i]f we were to consider evidence for the first time, never presented to the trial court, we would in effect be converting this Court into a court of original jurisdiction").

8

Because the record before the trial court showed only four previous civil actions brought by Walp, Williams did not establish that Walp met the criteria of a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1). Applying the appropriate standard of review, *see Leonard v. Abbott*, 171 S.W.3d 451, 458–59 (Tex. App.—Austin 2005, pet. denied), we hold that the trial court abused its discretion by granting Williams's motion. Accordingly, we sustain Walp's first point.

In Walp's second point, he asserts that the trial court erred by excluding his evidence. From Walp's description of his exhibits, all of the evidence that he wished to offer related to whether there was no reasonable probability that he would prevail on his claims against Williams. Because we have sustained Walp's first point, we need not reach this issue. *See* Tex. R. App. P. 47.1.

In Walp's third point, he contends that the trial court erred by dismissing his case. The trial court's order requiring Walp to post security was based on the trial court's finding that Walp was a vexatious litigant. Because the trial court abused its discretion by finding Walp a vexatious litigant, the trial court also abused its discretion by ordering Walp to post the security required after such a finding and by dismissing Walp's case for failure to post that security. We sustain Walp's third point.

In Walp's fourth and final point, he argues that the local administrative judge abused its discretion by denying his motion for reconsideration to file litigation. Although the order denying the motion appears in the appellate record,

9

the motion itself does not. A document that appears to be such a motion (bearing no indication that it was ever filed) is attached to Walp's supplemental brief, but we may not consider it. *See In re A.D.A.*, 287 S.W.3d 382, 389 (Tex. App.—Texarkana 2009, no pet.) (noting that courts of appeals may not consider documents that are attached as appendices to briefs that are not part of the appellate record); *Randle v. Wilson*, 26 S.W.3d 513, 516 n.1 (Tex. App.— Amarillo 2000, no pet.) (same). Assuming that Walp's motion related to his suit in this case, because we have already held that the trial court abused its discretion by finding Walp a vexatious litigant and dismissing his claim, we do not need to reach this point. *See* Tex. R. App. P. 47.1.

Having sustained Walp's dispositive points, we reverse the trial court's order finding Walp a vexatious litigant and dismissing his claim for failure to post security, and we remand this cause to the trial court for further proceedings.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, WALKER, AND GABRIEL, JJ.

DAUPHINOT, J., filed a concurring opinion.

DELIVERED: December 16, 2010



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-09-00444-CV**

GARY REED WALP                                                        APPELLANT

V.

EDDIE C. WILLIAMS                                                     APPELLEE

----------

## FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## CONCURRING OPINION

----------

The majority states that "if an application for habeas relief under federal law challenges an inmate's confinement, then the court of criminal appeals's characterization of the proceedings as criminal still applies."[2]  I agree, but I write separately because the majority does not but should expressly hold that Walp's habeas action in this case was a challenge to his confinement.

---

[2]Majority op. at 7.

Under Texas law, with limited exception, the State *must* release an inmate to mandatory supervision when his time served plus good conduct time equals his sentence.[3] The court of criminal appeals has granted habeas relief under article 11.07 when an inmate who was entitled to immediate release under mandatory supervision was still confined despite his right to release.[4]

But the court of criminal appeals apparently sees a difference between (1) a claim by an inmate entitled to immediate mandatory release that he is being illegally detained in violation of the mandatory supervision provision, and (2) an inmate's challenge to a disciplinary proceeding that resulted in the loss of good-time credit, which would then result in the inmate *at some point in the future* being detained beyond the point at which he would have been entitled to mandatory supervision had good-time credit not been forfeited. That court has indicated that a challenge to the loss of good-time credit is a challenge to the condition, rather than the fact, of the inmate's confinement.[5]

---

[3]Tex. Gov't Code Ann. § 508.147 (Vernon 2004) ("[A] parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced."), § 508.149 (Vernon 2004) (setting out circumstances in which an inmate is not eligible for mandatory supervision).

[4]*See, e.g., Ex parte McGee*, 962 S.W.2d 49, 49 (Tex. Crim. App. 1998).

[5]*See Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (noting that the court of criminal appeals does not consider complaints about disciplinary proceedings or the loss of good-time credit, which relate to the terms and conditions of an inmate's imprisonment, by way of a writ of habeas corpus).

The United States Supreme Court, on the other hand, has held that an inmate who challenges a disciplinary proceeding that resulted in the loss of good-time credit, even when the inmate is seeking only speedier (rather than immediate) release, is "attacking the very duration of [his] physical confinement itself."[6] Thus, the U.S. Supreme Court would characterize Walp's habeas action as challenging his confinement. I agree with the characterization of the U.S. Supreme Court.

Furthermore, although the court of criminal appeals would not grant habeas relief in such cases, I agree with the majority's implicit holding that, for purposes of classifying such an action as civil or criminal, that court would also consider such an action as complaining about the inmate's confinement. Although an inmate in such a situation would be challenging future rather than current confinement, such a complaint cannot logically be classified as merely challenging prison conditions. This is so even if the inmate challenges the loss of good-time credit by way of attacking the prison's disciplinary proceedings that resulted in the credit loss. In this case, Walp appears to have challenged his continued confinement, and, therefore, he challenged the fact of his confinement.

If the majority does not wish to go so far as to hold that a challenge to *prospective* confinement is a criminal proceeding under Texas law, it could still expressly hold that a challenge to the loss of good-time credit that would entitle

---

[6]*Preiser v. Rodriguez*, 411 U.S. 475, 487–88, 93 S. Ct. 1827, 1835 (1973).

13

the inmate to *immediate* release is a criminal proceeding. And because it was not clear from the evidence that Walp did not seek immediate release, Williams did not meet his burden to show that Walp's habeas action was a civil proceeding. But either way, this court should expressly state that Walp's complaint about prison disciplinary procedures and the loss of good-time credit was a challenge to his confinement.

I also write to address Walp's second issue, in which he asserts that the trial court erred by excluding his evidence. At the hearing on Williams's motion, Walp opened his argument by stating, "I would like to begin with introducing Exhibit A," his answers to Williams's interrogatories. He then described ten other exhibits he had brought with him, all relating to whether his claims had merit. Walp did not offer the documents to Williams for inspection or ask the court reporter to mark them as exhibits. Near the end of the hearing, the following exchange occurred:

> THE COURT: Anything further?
>
> [Attorney for Williams]: No, Your Honor.
>
> THE COURT: Okay.
>
> [Walp]: What about my exhibits?
>
> THE REPORTER: They were never admitted.
>
> [Walp]: Well, I need to admit them.
>
> THE COURT: Well, they weren't . . . offered.

14

[Walp]: So you're going to get me on a technical? I didn't know how to offer the evidence. I said I had some exhibits.

THE COURT: You didn't make the offer to allow your opponent the opportunity to either object or not object to them.

[Walp]: Well, I have no knowledge of—of those—I don't have no knowledge of—of the formality of doing that. I sat here and said I had some exhibits that I needed to enter and I read them off. Now you're going to deny my exhibits on a technicality?

THE COURT: No, they were not offered.

On remand, if Williams files another motion to declare Walp a vexatious litigant, the trial court will be required to conduct a hearing before ruling on the motion.[7] If Walp is present at that hearing,[8] he will almost certainly attempt, once again, to offer evidence to rebut Williams's arguments that there is no reasonable probability that he would prevail on his claims. Walp's ignorance of the usual procedures that attorneys use for offering evidence will likely result in frustration from all sides, and, if the outcome of the hearing is unfavorable to him, an appeal raising this same issue. Judicial economy therefore suggests that we should address this sure-to-be-raised-again issue now rather than spend further judicial resources addressing it later. Furthermore, Walp's ignorance of evidentiary procedure will divert the trial court's and the parties' attentions away from where

---

[7]See Tex. Civ. Prac. & Rem. Code Ann. § 11.053 (Vernon 2002) (requiring a hearing before ruling on a motion to declare a party a vexatious litigant).

[8]See Garrett v. Macha, No. 02-09-443-CV, 2010 WL 3432826, at *3 (Tex. App.—Fort Worth Aug. 31, 2010, no pet.) (mem. op.) (noting that an inmate does not have an absolute right to be present at a hearing on a motion to declare him a vexatious litigant).

15

it belongs—on the merits—and focus it on arguments about what magic words a party must use to have the trial court consider the admissibility of evidence. In the interest of judicial economy, and to eliminate one unnecessary ground for contention on remand, I note that generally, a party wishing to place a document into evidence should produce the document and in some way signify that he is offering it into evidence, allow the opposing party to inspect the evidence and make any objections to its admission, have the evidence marked as an exhibit by the court reporter, and hand it to the trial judge.[9] Though helpful, there is no need for a party wishing to place a document into evidence to specifically use the word "offer."[10]

Because I agree with the majority's holding, I respectfully concur.


LEE ANN DAUPHINOT
JUSTICE

DELIVERED: December 16, 2010

---

[9]*See Guetersloh v. C. I. T. Corp.*, 451 S.W.2d 759, 760 (Tex. Civ. App.—Amarillo 1970, writ ref'd n.r.e.).

[10]*Id.*