COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 02-11-00350-CV



ANTHONY DESHAUN JOHNSON                                    APPELLANT

V.

RONALD S. IVEY (LIEUTENANT,                                    APPELLEES
ALLRED UNIT HIGH SECURITY),
LAWRENCE D. ZEISLOFT
(SARGENT, ALLRED UNIT HIGH
SECURITY), AND DANIEL A. LAKIN
(CORRECTIONAL OFFICER,
ALLRED UNIT HIGH SECURITY)

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. Introduction

Appellant Anthony Deshaun Johnson, an inmate at the James V. Allred Unit of the Texas Department of Criminal Justice (TDCJ), appeals the trial court's dismissal of his suit with prejudice. He contends in three issues that the trial

---

[1]See Tex. R. App. P. 47.4.

court erred by (1) dismissing his suit for failure to exhaust administrative remedies, (2) not conducting a hearing, and (3) dismissing the suit with prejudice. We affirm.

## II. Factual Background

This appeal follows Johnson's suit against several TDCJ employees in which he alleges the employees have not honored his medical work restrictions. Johnson wrote to the Allred Unit Health Administrator on September 4, 2009, asking why he was not being given medical accommodations for his back and wrist injuries. Johnson filed a Step 1 Grievance that same day, which stated as follows:

> This grievance is being f[]iled as a result of having reported ADA complaint matters to the Allred Unit Senior Warden E. C. Williams[2] and having submitted a Sick Call to have my injury evalua[t]ed and treated, as well as be examined and issued appropriate medical restrictions to prevent injury to others and myself where the Supervising Correctional Officer seem[s] not to understand and adhere to compli[an]ce with the ADA in appropriately accom[mo]dating me according to my disability which was timely and properly declared upon entry.
>
> Because of the indifference and disregard of my disabled status and its interference with one or more of life's major functions and otherwise hinders and impedes my ability to perform certain work functions wh[i]ch Security Staff use their authority to have me compel to perform them anyway in spite of the risk to my physical welfare and safety, as no restriction[s] are reflected on the work roster to protect me from d[a]ngerous assignments.
>
> And with this known I seek the relief as hereinafter sought.
>
> . . .

[2]Williams is not a party to this appeal.

2

I seek to have my rights under the ADA fully adhered to and respected by the Administration and Security. For fa[i]ling to accom[mo]date my disability has placed me at risk I do not wish to continue to face and be subjected to by Security wh[ic]h uses their authority to intimidate and threaten me which I seek to stop. I further need med restriction change of work assignment.

TDCJ investigated and responded to Johnson's Step 1 Grievance on September 23, 2009. The response stated:

The investigation of this grievance is complete. You were seen by the medical department on 9-16-09, and restrictions of no lifting over 25 pounds, and no bending at the waist, were added to your HSM-18. However, you may still be worked within your restrictions at the job assignment you are currently assigned to. This issue is resolved. No further action is warranted.

On October 1, 2009, Johnson filed a Step 2 Grievance, appealing the response to his Step 1 Grievance. He again asserted violations of his ADA rights but added allegations of discrimination based on disability and race without identifying dates of the alleged violations. TDCJ responded to the Step 2 Grievance on December 2, 2009, stating that the Step 1 response was appropriate. TDCJ further added that Johnson's health concerns had been addressed by qualified health care providers both prior to and after the Step 1 Grievance.

Johnson filed this lawsuit in January 2010, naming Appellees Ronald S. Ivey, Lawrence D. Zeisloft, and Daniel A. Lakin as defendants. Johnson alleged that Appellees were aware of his "injuries, a[i]lments, and disabilities," as well as his medical restrictions, but compelled him to perform work assignments that he should not have been compelled to perform. Johnson specifically identified work

3

assignments that he was compelled to perform on September 20 and 29, 2009, and he alleged that Appellees were aware of his limitations before those dates. Johnson also contended that Appellees acted in a retaliatory and discriminatory manner towards him after he submitted the grievance. Johnson asserted causes of action for discrimination based on race and disability, denial of equal protection and his civil rights, and violations of the Americans with Disabilities Act.

Ivey, Zeisloft, and Lakin filed original and amended answers and a motion to dismiss Johnson's lawsuit as frivolous under civil practice and remedies code chapter fourteen, and Johnson filed a response. The trial court granted the motion to dismiss without conducting a hearing and dismissed all claims with prejudice due to Johnson's failure to exhaust all administrative remedies.

### III. Chapter Fourteen of the Texas Civil Practice and Remedies Code

Chapter fourteen applies to this case and sets forth the procedural requirements an inmate must satisfy when filing suit in a district court along with an unsworn declaration of indigency. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002, .004 (West Supp. 2011), §§ 14.005–.006 (West 2002); *see also Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). If the inmate fails to comply with chapter fourteen's requirements, the suit will be dismissed. *Lilly*, 100 S.W.3d at 336 (citing *Bell v. Tex. Dep't of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). A trial court may dismiss an inmate's claim upon finding that a

4

lawsuit is malicious or frivolous. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2002). In making this determination, the court may consider whether:

(1) the claim's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact;

(3) it is clear that the party cannot prove facts in support of the claim; or

(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b).

## IV. Standard of Review

We review a dismissal under chapter fourteen for an abuse of discretion. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).

When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003; *Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g). A claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies. *Retzlaff v. Tex. Dep't*

5

*of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

## V. Analysis

Johnson argues in three issues that the trial court abused its discretion in dismissing his lawsuit with prejudice without first conducting a hearing.

## A. Failure to Exhaust Administrative Remedies

In his first issue, Johnson asserts that the trial court abused its discretion by dismissing his lawsuit for failure to exhaust administrative remedies.

Chapter fourteen requires that Johnson prove his compliance with grievance procedures before seeking judicial review. Tex. Civ. Prac. & Rem. Code Ann. § 14.005; *see* Tex. Gov't Code Ann. § 501.008(d) (West 2004); *Smith v. Tex. Dep't of Criminal Justice–Institutional Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied). Government code section 501.008(d) prevents an inmate from filing a claim in state court "regarding operative facts for which the grievance system provides the exclusive administrative remedy until" the inmate receives a decision from the highest authority within the grievance system or the 180th day after the grievance is filed if the inmate has not received a response from the highest authority within the grievance system. Tex. Gov't Code Ann. § 501.008(d). "Allegations of reprisals by TDCJ employees against inmates for filing grievances or lawsuits, or other inmate complaints about TDCJ employee actions, are . . . subject to the grievance procedure." *Leachman*, 261 S.W.3d at 308.

An inmate fails to exhaust administrative remedies when the state court petition is based on different operative facts than those alleged in the grievance. *See Wolf v. Tex. Dep't of Criminal Justice, Institutional Div.*, 182 S.W.3d 449, 451 (Tex. App.—Texarkana 2006, pet. denied) ("Wolf's grievance does not address the issues he brought in his civil petition, and we cannot say he either sought or received a final administrative decision on those issues."). An inmate also fails to exhaust administrative remedies by failing to identify in the grievance the persons against whom the inmate is making a claim. *See Leachman*, 261 S.W.3d at 311 (noting that grievance did not mention two of the appellees by name and holding that Leachman therefore failed to exhaust administrative remedies as to those appellees); *Riddle v. TDCJ-ID*, No. 13-05-00054-CV, 2006 WL 328127, at *2 (Tex. App.—Corpus Christi Feb. 9, 2006, pet. denied) (mem. op.) ("Riddle did not exhaust the grievance procedures for those individuals named in the claim who were not named in his grievance.").

The trial court did not abuse its discretion by determining that Johnson failed to exhaust his administrative remedies. First, except for his ADA allegation, Johnson's Step 1 Grievance did not include factual assertions relating to any other cause of action in his original petition.[3] *See Wolf*, 182 S.W.3d at

---

[3]Attached to Johnson's appellate brief is an additional Step 1 Grievance that he later filed on October 9, 2009. That grievance form, however, was not presented to the trial court and is not part of the appellate record. *See* Tex. R. App. P. 34.1 (providing that the appellate record consists of the clerk's record and, when necessary, the reporter's record). We are thus precluded from considering it. *See Walp v. Williams*, 330 S.W.3d 404, 407–08 (Tex. App.—Fort Worth 2010, no pet.).

451. Inmates are not required to identify specific causes of action and should instead focus on identifying the operative facts at issue, *see Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 12 (Tex. App.—Waco 2010, no pet.), but Johnson's Step 1 Grievance does not include any factual assertions beyond a request for accommodation of his physical limitations. Second, Johnson also did not exhaust administrative remedies concerning his ADA complaint because he did not identify any of the individual appellees in the Step 1 Grievance. *See Leachman*, 261 S.W.3d at 311 (holding Leachman did not exhaust administrative remedies as to appellees not named in his grievance); *Riddle*, 2006 WL 328127, at *2 (same). Moreover, the operative facts alleged in Johnson's original petition occurred on September 20 and 29, 2009, when Lakin and Zeisloft allegedly compelled him to perform work assignments that he should not have been compelled to perform because of his medical restrictions. Those alleged actions necessarily occurred after Johnson filed his Step 1 Grievance on September 4, 2009, and could not have been part of the grievance. *See generally Wolf*, 182 S.W.3d at 451 (noting difference between issues alleged in grievance and original petition).

Thus, the record does not establish that the trial court abused its discretion by determining that Johnson did not exhaust his administrative remedies for all causes of action alleged in his original petition. *See generally Champion v. State*, No. 12-11-00167-CV, 2012 WL 344415, at *2 (Tex. App.—Tyler Jan. 31, 2012, no pet.) (mem. op.) ("A trial court does not abuse its discretion if it

8

dismisses a lawsuit that does not include a showing that the inmate has exhausted his administrative remedies or a showing that the lawsuit was filed timely."). We therefore overrule Johnson's first issue.

## B. Failure to Hold Hearing

Johnson contends in his second issue that the trial court should have conducted a hearing on Appellee's motion to dismiss because a hearing on the facts would have allowed him to prove that he had in fact exhausted all administrative remedies. However, section 14.003(c) provides in relevant part that the trial court "*may* hold a hearing." Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (emphasis added). "The plain language of the statute indicates that the trial court's determination to hold a hearing on a chapter 14 motion to dismiss is discretionary." *Hamilton v. Pechacek*, 319 S.W.3d 801, 808 (Tex. App.—Fort Worth 2010, no pet.) (citation omitted). Johnson argues that he could have presented "off the record evidence" that he exhausted his administrative remedies. However, Johnson was given notice of the date that Appellee's motion to dismiss would be submitted without an evidentiary hearing, and Johnson filed a written response to the motion. Johnson could have presented any additional evidence along with his response. Thus, the record does not support Johnson's contention that the trial court abused its discretion by not conducting an evidentiary hearing on Appellee's motion to dismiss. We therefore overrule Johnson's second issue.

9

## C. Dismissal With Prejudice Proper

In his final issue, Johnson argues that the trial court abused its discretion by dismissing his lawsuit with prejudice. When reviewing a dismissal with prejudice under chapter fourteen, we consider whether the inmate could correct the error through a more specific pleading. *See Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Dismissal with prejudice is improper only if the plaintiff's failure can be remedied. *Id.*

Here, Johnson's error cannot be remedied. An inmate has fifteen days after the date of the complained-of incident to complete a Step 1 Grievance and forward it to the unit grievance investigator. *Leachman*, 261 S.W.3d at 310; *Wolf*, 182 S.W.3d at 450–51. The incidents at issue in Johnson's original petition occurred on September 20 and 29, 2009. Johnson must have then filed a Step 1 Grievance within fifteen days of those dates and prosecuted his grievance through a decision by the highest authority within the grievance system, but he failed to do so. *See Leachman*, 261 S.W.3d at 310; *Wolf*, 182 S.W.3d at 450–51; *see also* Tex. Gov't Code Ann. § 501.008(d); Tex. Civ. Prac. & Rem. Code Ann. § 14.005. Johnson cannot therefore cure his failure to exhaust the available administrative remedies by pleading amendment, and the trial court did not abuse its discretion by dismissing his lawsuit with prejudice. We overrule Johnson's third issue.

## VI.  Conclusion

Having overruled each of Johnson's three issues, we affirm the trial court's order of dismissal and final judgment.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DELIVERED:  June 7, 2012