

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00247-CV

MICHAEL BAILEY　　　　　　　　　　　　　　　　　　　APPELLANT

V.

KRISTY ANNE BOBAY　　　　　　　　　　　　　　　　　　APPELLEE

----------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 324-574214-15

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael Bailey filed a brief containing nine issues in this appeal of Appellee Kristy Anne Bobay's April 28, 2015 protective order. In his brief, he provided citations to a reporter's record, but no reporter's record of the protective

---

[1]*See* Tex. R. App. P. 47.4.

order hearing was filed in this case either before or after he filed the brief.[2]  We informed Bailey that this court cannot consider matters in a party's brief that are not part of the official appellate record. *See, e.g.*, Tex. R. App. P. 34.1; *Walp v. Williams*, 330 S.W.3d 404, 407–08 (Tex. App.—Fort Worth 2010, no pet.).  And no reporter's record was forthcoming despite this court's June 14, 2016 warning to Bailey that unless he paid for or made arrangements to pay the court reporter for preparing the reporter's record and provided this court with proof of payment, we would consider and decide only those issues or points that did not require a reporter's record for a decision.  *See* Tex. R. App. P. 35.3(c), 37.3(c).

On August 17, 2016, we notified Bailey that because he had failed to pay or make arrangements to pay for the reporter's record of the April 28, 2015 protective order hearing, we would consider and decide only those issues or points that did not require a reporter's record for a decision.  *See* Tex. R. App. P. 37.3(c).  Because no reporter's record was filed in this case, we will not consider Bailey's first, second, third, fourth, fifth, sixth, seventh, and ninth issues because those issues require the use of a reporter's record for a decision.[3]  *See id.*

---

[2]The protective order reflects that on April 28, 2015, the trial court heard Bobay's application and that both Bobay and Bailey appeared in person at the hearing.

[3]In these issues, Bailey challenged the legal and factual sufficiency of the evidence to support the protective order, the trial court's venue determination, whether error occurred by admitting some evidence over his objections or by failure to consider some evidence either in camera or at the new trial hearing, and cumulative error arising from the overruling of his evidentiary objections. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b) (West 2002) (stating that in

In his eighth issue, Bailey complains that the trial court abused its discretion by ordering him to pay attorney's fees.

In the application for protective order, the district attorney requested that reasonable attorney's fees be assessed against Bailey "pursuant to §§81.005 and 81.006, Texas Family Code." In her affidavit sponsoring the application, Bobay averred that she and Bailey had had a dating relationship between August and September 2014, that since the end of the relationship, Bailey would not leave her alone—showing up at her apartment, emailing, blocking her with his car, showing up at her church—that she had moved so that he would not know where she lived and had changed her cell phone number and email address, and that she was afraid because she did not know what he was capable of. The trial court held a hearing on April 28, 2015, at which it heard evidence.

The trial court found in its April 28, 2015 protective order that "there are reasonable grounds to believe that Kristy Anne Bobay, Applicant[,] is the victim of stalking" and that a protective order should be entered for her pursuant to code of criminal procedure article 7A.03. The trial court assessed $1,000 in attorney's fees against Bailey in the protective order.

Code of criminal procedure article 7A.04 provides that Title 4 of the family code applies to a protective order issued under article 7A unless otherwise

---

determining whether venue was or was not proper, "the appellate court shall consider the entire record, including the trial on the merits"); Tex. R. App. P. 33.1 ("Preservation; How Shown"), 44.1 ("Reversible Error in Civil Cases").

provided. Tex. Code Crim. Proc. Ann. art. 7A.04 (West 2015). The trial court found that Bailey had committed stalking, which constitutes "family violence" under the family code, authorizing the award of attorney's fees as part of a protective order. Tex. Fam. Code Ann. § 71.004(3) (West Supp. 2016) (stating that "family violence" means "dating violence, as that term is defined by Section 71.0021"), § 71.0021 (West Supp. 2016) (stating that "dating violence" is an act, other than a defensive measure to protect oneself, by an actor that is committed against a victim or applicant for a protective order with whom the actor has or has had a dating relationship and that act "is a threat that reasonably places the victim or applicant in fear of imminent physical harm, bodily injury, assault, or sexual assault"), § 81.005(a) (West 2014) (stating that the trial court may assess reasonable attorney's fees against the party found to have committed family violence "as compensation for the services of a . . . prosecuting attorney"); Tex. Penal Code Ann. § 42.072 (West Supp. 2016) (defining the offense of stalking). Therefore, because the trial court was authorized to order Bailey to pay attorney's fees pursuant to the applicable statutes, and because we lack a reporter's record to demonstrate whether, despite this authority, the trial court's action constituted an abuse of discretion, we overrule Bailey's eighth issue.

Because no reporter's record was filed in this case, we could not consider and rule on Bailey's first, second, third, fourth, fifth, sixth, seventh, and ninth issues. Having overruled Bailey's eighth issue, we affirm the trial court's judgment.

4

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DELIVERED:  December 1, 2016