# NO. 12-16-00078-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | **APPEAL FROM THE 7TH** |
| *EX PARTE:* | § | **JUDICIAL DISTRICT COURT** |
| *CHARLES ROSS* | § | **SMITH COUNTY, TEXAS** |

### *MEMORANDUM OPINION*

Charles Ross, acting pro se, appeals from an order declaring him a vexatious litigant. He presents five issues on appeal. We reverse.

### BACKGROUND

Appellant was indicted for aggravated sexual assault of a child in 1996. Following a jury trial, Appellant was found guilty and sentenced to imprisonment for ninety-nine years. In 1998, this Court affirmed Appellant's conviction, without a written opinion. Over the years, Appellant has initiated proceedings with this Court, the Texas Supreme Court, and the Texas Court of Criminal Appeals, the majority of which were disposed of without written opinion or order. In 1998, the Texas Court of Criminal Appeals refused Appellant's petition for discretionary review, denied one petition for writ of mandamus in 2002, and denied two petitions for writ of habeas corpus in 1999 and 2007. The Texas Supreme Court denied five petitions for writ of mandamus in 2002, 2005, 2007, 2011, and 2014, dismissed a direct appeal in 2012, and denied a petition for review in 2010. The record also indicates that Appellant filed two unsuccessful appeals with the United States Supreme Court.

Additionally, Appellant filed various motions with the trial court, including requests for a court of inquiry, a special grand jury, and equal access to the grand jury. The trial court denied these motions. In one instance, Appellant sought relief from this Court, but we dismissed the proceeding for want of jurisdiction. *See **In re Ross***, No. 12-09-00317-CV, 2010 WL 3249456 (Tex.

App.—Tyler Aug. 18, 2010, orig. proceeding) (mem. op.). On February 4, 2016, the trial court, on its own motion, determined that Appellant is a vexatious litigant under Chapter Eleven of the Civil Practice and Remedies Code (the vexatious litigant statute). This appeal followed.

**VEXATIOUS LITIGANT ORDER**

In his second, third, and fourth issues, Appellant contends the trial court abused its discretion by declaring him vexatious.

**Standard of Review and Governing Law**

A trial court's vexatious litigant finding is reviewed for abuse of discretion. *See **Pandozy v. Beaty**,* 254 S.W.3d 613, 619 (Tex. App.—Texarkana 2008, no pet.). The trial court may enter a vexatious litigant order on its own motion. TEX. CIV. PRAC. & REM. CODE ANN. § 11.101 (West Supp. 2016). The Texas Civil Practice and Remedies Code allows a trial court to find a plaintiff vexatious if two requirements are met. ***Id***. § 11.054 (West Supp. 2016). First, there must be no reasonable probability that the plaintiff will prevail on his claims, which relates to the substance of the plaintiff's claims. ***Id***.; ***Walp v. Williams***, 330 S.W.3d 404, 405 (Tex. App.—Fort Worth 2010, no pet.). Second, in the seven-year period preceding the date of the motion, the plaintiff has commenced, prosecuted, or maintained at least five litigations, each of which must have been finally determined adversely to the plaintiff, permitted to remain pending at least two years without having been brought to trial or hearing, or determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1). This second requirement relates to the disposition of the plaintiff's previously asserted claims. ***Walp***, 330 S.W.3d at 405.

**Analysis**

Appellant's fourth issue focuses on whether the vexatious litigant statute applies to criminal matters. Appellant's previous filings and subsequent appeals request that the district court convene a court of special inquiry or a special grand jury. Appellant's most recent pleading sought "equal access to the grand jury." Appellant claims the people who accused, prosecuted, and ultimately convicted him were engaged in a conspiracy, and he wants to inform the grand jury of the "facts" that support his assertion. Therefore, Appellant contends his claims are criminal, not civil, in nature, and the vexatious litigant statute does not apply. We agree.

The term "litigation" as used in the vexatious litigant statute refers to "a civil action commenced, maintained, or pending in any state or federal court." TEX. CIV. PRAC. & REM. CODE

2

ANN. § 11.001(2) (West Supp. 2016). When determining whether litigation qualifies as civil or criminal, we look to the substance of the applicable pleadings. *See Walp*, 330 S.W.3d at 405, 407. In this case, Appellant has pursued proceedings that are inherently civil in nature, such as petitions for writ of mandamus. *See In re Davis*, No. 12-15-00238-CR, 2016 WL 1043132, at *1 (Tex. App.—Tyler Mar. 16, 2016, orig. proceeding) (mem. op.). However, the remaining proceedings relate to his requests for the convention of a grand jury. The grand jury is a creation of the criminal codes. *See* TEX. CODE CRIM. PROC. ANN. art. 19.01, *et seq.* (West Supp. 2016). Furthermore, the grand jury's duty is to investigate criminal matters. *Id.* art. 20.09 (West 2005). In the seven years before the trial court sua sponte found Appellant vexatious, Appellant initiated several proceedings that relate to the convening of a grand jury, the substance of which pertains to his criminal conviction. Even the trial court's vexatious litigant order expressly recognizes that Appellant's filings are attempts to "pursue disguised appellate relief" regarding his criminal conviction. As a result, we conclude that within the applicable seven-year period, Appellant has not commenced, prosecuted, or maintained at least five civil litigations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1).

Because Appellant's filings within the applicable time frame are criminal in nature and he does not have the requisite number of previous civil litigations to qualify as a vexatious litigant, the trial court abused its discretion by finding Appellant to be vexatious. *See id*; *see also Walp*, 330 S.W.3d at 407. Accordingly, we sustain Appellant's fourth issue, and need not address his remaining issues.[1] *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained Appellant's fourth issue, we *reverse* the trial court's February 4, 2016 order declaring Appellant to be a vexatious litigant, and *render* judgment vacating the order.

<u>GREG NEELEY</u>
Justice

Opinion delivered February 15, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] In his first issue, Appellant contends that the trial court erred in denying his motion for equal access to the grand jury. The order denying Appellant's motion was signed and entered on October 10, 2013. Therefore, Appellant's appeal of that order is untimely and we decline to address that issue. *See* TEX. R. APP. P. 26.2. In his fifth issue, Appellant challenges the trial court's failure to issue findings of fact and conclusions of law. However, findings and conclusions are only required after a trial. *See* TEX. R. CIV. P. 296.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## FEBRUARY 15, 2017

## NO. 12-16-00078-CV

## EX PARTE: CHARLES ROSS

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 13-1396-A/B/A)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the order of the trial court below and that the same should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the trial court's February 4, 2016 order declaring Appellant to be a vexatious litigant be **reversed**, and judgment **rendered** vacating the order; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*