# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00354-CV
### NO. 03-23-00404-CV

---

**Paul Johnson, Appellant**

**v.**

**Bastrop Central Appraisal District, Appellee**

---

### FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY
### NO. 2333-21, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In these two appeals, Paul Johnson challenges the trial court's orders (1) declaring him a vexatious litigant and requiring him to furnish security to maintain this lawsuit against the Bastrop County Appraisal District (BCAD) and (2) dismissing his lawsuit for his failure to furnish security. *See* Tex. Civ. Prac. & Rem. Code §§ 11.101 ("Prefiling Order; Contempt"), .056 ("Dismissal for Failure to Furnish Security"). We consolidate the appeals for review in this opinion. We reverse the trial court's orders and remand for further proceedings.

### BACKGROUND

For years, Johnson has "been embroiled in a property tax dispute with [BCAD]," having filed "at least 17 BCAD-related lawsuits and appeals during the last seven years," without success. *See Johnson v. Tepper*, No. 07-23-00146-CV, 2023 WL 5020301, at *1 (Tex. App.—Amarillo Aug. 7, 2023, pet. denied) (mem. op.). Two days before he was declared a vexatious

litigant by the 21st District Court of Bastrop County in a prior suit he filed against someone who testified at a BCAD hearing, Johnson filed this lawsuit in the same district court appealing BCAD's final determination that his three tracts of property do not qualify for open-space appraisal for tax year 2022.[1] *See* Tex. Tax Code §§ 41.41 (specifying actions of appraisal district's appraisal review board that property owner is entitled to protest), 42.01 (providing property owner right to appeal order of appraisal review board); *see also id.* § 23.25 (defining "[q]ualified open-space land").

BCAD filed a general denial and shortly thereafter a Motion for Order Re-Determining Plaintiff a Vexatious Litigant and Requesting Security. *See* Tex. Civ. Prac. & Rem. Code § 11.051 (providing for defendant's right to move for such order); *see also id.* §§ 11.101(a) (permitting court on its own motion or that of any party to enter order prohibiting person from filing, pro se, "a new litigation in a court to which the order applies" without permission of local administrative judge if court finds person is vexatious litigant), .101(e) (providing that prefiling order entered under Subsection (a) by district court applies to each court in state). BCAD's filing of its motion stayed the litigation until either (1) the tenth day after the motion was denied or (2) BCAD received written notice that security was posted, if the motion was granted. *See id.* § 11.052(a).

While the litigation was stayed, Johnson filed a motion under the Texas Citizens Participation Act (TCPA), *see id.* § 27.003, seeking to dismiss BCAD's vexatious-litigant motion. After an evidentiary hearing, in a May 17, 2023 order the trial court granted BCAD's motion and determined that Johnson is a vexatious litigant. The order required Johnson to

---

[1] This prior vexatious-litigant determination was affirmed on appeal. *See Johnson v. Tepper*, No. 07-23-00146-CV, 2023 WL 5020301, at *1 (Tex. App.—Amarillo Aug. 7, 2023, pet. denied) (mem. op.).

2

furnish cash or a surety bond of $38,000 within thirty days of the order or else his case would be dismissed and specified that the litigation's stay would continue until Johnson complied with the order or the case was dismissed. While the case remained stayed, Johnson filed a plea to the jurisdiction, seeking to dismiss his own lawsuit. In his plea, Johnson alleged that BCAD's final order was "void" and that, therefore, the trial court had no jurisdiction over his lawsuit for judicial review of that order. After Johnson failed to timely furnish security, the trial court dismissed his case.

Johnson filed notices of appeal regarding each of the trial court's orders, after which this Court rendered an order staying the appeal until Johnson obtained permission from the local administrative judge to file the appeals, since earlier he had been declared a vexatious litigant. *See id.* §§ 11.102, .103; *see Johnson*, 2023 WL 5020301, at *1. Johnson submitted an order for signature to the local administrative judge, who signed the order and granted him permission to file these appeals. After this Court received the signed order, it reinstated the appeals.

## DISCUSSION

*Vexatious-litigant finding*

As relevant here, Chapter 11 of the Texas Civil Practice and Remedies Code authorizes a trial court to find that a pro se plaintiff is a vexatious litigant upon proof of two elements: (1) no reasonable probability the plaintiff will prevail in the present litigation and (2) "the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been finally determined

3

adversely to the plaintiff[.]" Tex. Civ. Prac. & Rem. Code § 11.054(1)(A). An appellate court reviews for abuse of discretion a trial court's determination that a plaintiff is a vexatious litigant. *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied).

Among seven other issues he raises in Cause Number 03-23-00354-CV, Johnson in his third and fourth issues challenges whether BCAD produced evidence sufficient to establish both elements of the vexatious-litigant statute. *See* Tex. Civ. Prac. & Rem. Code § 11.054(1)(A). BCAD bore the burden of proving that Johnson had no reasonable probability of prevailing on the merits of his lawsuit, *see Retzlaf v. GoAmerica Comm'ns Corp.*, 356 S.W.3d 689, 703 (Tex. App.—El Paso 2011, no pet.), and because we conclude that BCAD produced insufficient evidence to meet this burden, we sustain Johnson's fourth issue in Cause Number 03-23-00354-CV, as explained below, and thus need not reach his remaining issues in that appeal. *See* Tex. R. App. P. 47.1, 47.4.

In determining whether no reasonable probability exists that the plaintiff will prevail in the subject lawsuit, we may consider exhibits and testimony or decide the issue based on the plaintiff's pleadings. *Serafine v. Crump*, 665 S.W.3d 93, 107–08 (Tex. App.—Austin 2023, pet. filed). In his live petition, Johnson alleges that he applied for open-space appraisal for the "agricultural use of beekeeping" for tax year 2022 and that his application "contained all the necessary requirements that qualified 20 acres of [his total] 20.87 acres" for the appraisal but that BCAD's Appraisal Review Board (ARB) improperly determined that the acreage did not qualify. *See* Tex. Tax Code §§ 42.01(a)(1) (authorizing property owner to appeal order of appraisal review board), .21 (outlining procedures for judicial review of order), .23 (providing that judicial review is by trial de novo).

4

To qualify for an open-space appraisal for tax year 2022, Johnson must prove two elements: (1) that the land is "currently devoted principally to agricultural use to the degree of intensity generally accepted in the area" (the intensity-of-use requirement) and (2) that the land "has been devoted principally to agricultural use . . . for five of the preceding seven years" (the historical-use requirement). *See id.* § 23.51(1). "Agricultural use" includes "raising or keeping livestock." *See id.* § 23.51(2). BCAD challenged only the second element (the historical-use requirement) in its motion to redetermine Johnson a vexatious litigant when asserting that there is no reasonable probability that Johnson will prevail in this lawsuit seeking review of its determination that his acreage did not qualify.

In Johnson's application for open-space appraisal for tax year 2022, he explained that he met this historical-use requirement because he had principally used the property for at least five of the previous seven years for the "agricultural use of keeping horses." He attached to his application two separate, non-binding arbitrator's decisions from earlier disputes with BCAD containing fact findings that Johnson's principal use of the property for tax years 2015, 2016, 2017, and 2018 was agricultural (by Johnson's keeping and grazing of horses). Johnson also attached to his application photos of horses on the property in 2020 and testimony from prior lawsuits that he contended proved the same principal agricultural use of keeping and grazing horses for tax years 2019 and 2021.

In its motion to redetermine Johnson a vexatious litigant, BCAD argued that Johnson had no reasonable probability of prevailing in his lawsuit because (1) the jury in a 2019 trial determined that Johnson's land did not qualify for the open-space appraisal for tax year 2019 and (2) testimony at that trial "was that the use of the property was the same for at least the seven years prior to 2019," precluding Johnson from establishing the historical-use requirement

5

for tax year 2022. The trial court conducted a hearing on BCAD's motion and admitted evidence offered by BCAD and Johnson. Johnson's admitted evidence included a copy of his open-space appraisal application for tax year 2022, described above. BCAD's admitted evidence on the historical-use issue comprised (1) a portion of Johnson's testimony from the 2019 trial in which he testified about his ranch's 2019 Facebook postings, (2) copies of those Facebook postings, (3) photos of people riding horses on Johnson's ranch and playing polocrosse, and (4) a copy of the 2019 judgment reciting that the jury answered negatively the question, "Do you find from a preponderance of the evidence that [Johnson's] property is entitled to be appraised as qualified open-space land for tax year 2019?" Besides this judgment reflecting the broad-form question posed to the jury, BCAD did not seek to admit as evidence the 2019 jury charge containing definitions of relevant terms, such as "agricultural use" or "livestock."

In Johnson's 2019 trial testimony admitted by the trial court in this proceeding, Johnson confirmed that a Facebook post stated, "We have been feeding our horses predominantly on fodder, sprouted barley seeds, since 2011."[2] Johnson confirmed in that testimony that photos admitted at the trial depicted people playing or practicing polocrosse on his ranch. Other photographs depicted people training horses to play polocrosse, and his ranch's Facebook page, in the "about" tab, explained, "We raise and train horses for polocrosse." The ranch's Facebook page contained references to the ranch and its owners' (Johnson and his wife) "raising and training horses for polocrosse." Further postings on the ranch's Facebook page referenced Johnson's recent acquisition of new horses that he planned to "start/train for polocrosse" and sell.

---

[2] In questioning Johnson at the 2019 trial, BCAD's attorney appears to have sought to establish that Johnson's feeding his horses predominately on fodder precluded him from claiming the qualifying agricultural use of grazing horses on the land.

6

The entirety of BCAD's argument below about whether Johnson has no reasonable probability of success in this lawsuit, as expressed in its motion, reads:

> Plaintiff's lawsuit seeks to obtain open-space appraisal on his property due to its purported agricultural use. In order to receive open-space appraisal on the basis of agricultural use the property must have been principally devoted to agricultural use for five of the preceding seven years. Tex. Tax Code § 23.51(1). A jury trial was held in this Court on cause number 1498-21, Paul Johnson v. Bastrop Central Appraisal District. The jury found that the subject property was not entitled to be appraised as qualified open-space land for tax year 2019.

> Testimony at the trial was that the use of the property was the same for at least the seven years prior to 2019. Accordingly, there is no reasonable probability that Plaintiff will be able to establish the historical agricultural use necessary to qualify for open-space appraisal in tax year 2022.

At the hearing on its motion, BCAD argued that it was admitting portions of the 2019 trial testimony, the Facebook posts, and photos of people playing polocrosse on the subject property "going back many years" to demonstrate that the principal use of Johnson's property, from 2011 to 2019, has been to train horses for polocrosse, which is not an agricultural use but a "recreational use."[3] Therefore, BCAD concluded, it was impossible for Johnson to meet the historical-use requirement because at least some of the five years preceding tax year 2022 on which he would need to rely would fall within that 2011–2019 span.

However, BCAD did not cite below, and has not cited in its briefing with this Court, any authority supporting its assertion that keeping, raising, and training horses for polocrosse or sale or feeding them on fodder is not an "agricultural use" of land on which the horses are kept. Furthermore, based on the evidence relied on by BCAD below, we cannot conclusively determine on this record that the cited uses of Johnson's land constituted his

---

[3] BCAD appears to have made the same "recreational use" versus "agricultural use" argument at the 2019 trial, representing in its brief that its Chief Appraiser and Deputy Chief Appraiser had testified thusly at the trial. Such testimony is not in the appellate record.

7

*principal* use for five of the previous seven years. Also, although BCAD relies heavily on the jury's 2019 finding that Johnson was not entitled to the open-space appraisal for tax year 2019, we cannot glean from the record whether that finding was based on Johnson's failure to prove the historical-use requirement, the intensity-of-use requirement, or both. While BCAD may ultimately prevail in the de novo trial of the issue, we cannot say—based on the evidence relied upon by BCAD and the arguments it has raised—that BCAD met its burden to demonstrate that Johnson's lawsuit has no reasonable probability of success.

Accordingly, we conclude that the trial court abused its discretion in finding that Johnson has no reasonable probability of prevailing in his lawsuit and in declaring him a vexatious litigant. We reverse the trial court's orders (1) declaring Johnson a vexatious litigant and requiring him to post security to maintain this suit and (2) dismissing Johnson's lawsuit for failure to furnish security. *See Walp v.Williams*, 330 S.W.3d 404, 408 (Tex. App.—Fort Worth 2010, no pet.) (reversing vexatious-litigant order and subsequent dismissal order for plaintiff's failure to furnish security because order requiring posting of security was based on erroneous vexatious-litigant finding).

### *Whether the trial court had jurisdiction over Johnson's suit*

In Cause Number 03-23-00404-CV, Johnson first contends that the trial court lacked jurisdiction over *his own lawsuit* and accordingly erred in denying his plea to the jurisdiction. We initially note that the trial court did not rule on Johnson's plea to the jurisdiction, as the plea was filed while the case was stayed. *See In re University of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00202-CV, 2019 WL 3418568, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.) (mem. op.) (recognizing general rule that pleadings and

motions filed during pendency of stay are ineffective while stay is in effect). Upon the court's dismissal of the case for Johnson's failure to furnish security, the plea to the jurisdiction was—as the trial court stated on the record at the dismissal hearing—moot. Thus, no ruling by the trial court on Johnson's plea to the jurisdiction is before us to review on appeal. *Cf.* Tex. R. App. P. 33.1(a).

However, we may nonetheless address his contention that the trial court lacked subject-matter jurisdiction over his suit because issues of subject-matter jurisdiction may be raised for the first time on appeal. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). As best we can understand Johnson's argument, he appears to have filed his lawsuit to preserve his right to judicial review in the event that the trial court rejected his contention that BCAD's order was void. But he contends that BCAD's order was not truly "final" because his requests for binding arbitration were still pending when the order was issued. In any event, review of Johnson's jurisdictional argument requires a brief summary of the available remedies that property owners may invoke to challenge the actions of appraisal districts.

A property owner must first bring his complaint against an appraisal district to its ARB by way of a protest or a motion. *See* Tex. Tax Code §§ 25.25, 41.41. If the appraisal district and the property owner cannot resolve the protest or motion by agreement, the ARB is required to schedule a hearing at which the property owner is entitled to offer evidence or argument. *See id.* §§ 41.445, 41.45. At the conclusion of the hearing, the ARB is required to determine the protest and make its decision by written order. *Id.* § 41.47(a). In counties like Bastrop, with a population of less than four million, the final order must be issued and delivered

9

to the property owner no later than the thirtieth day after the date the hearing on the protest is concluded. *Id.* § 41.47(d), (f).

Once a property owner receives notice of the ARB's order, the property owner can appeal the substance of that decision in the following ways: by filing an appeal in district court, *id.* § 42.01; by appealing certain orders to an arbitrator, *id.* § 41A.01; or by appealing certain other orders to the State Office of Administrative Hearings, *see* Tex. Gov't Code §§ 2003.901–.914. To challenge the procedures used by the ARB in determining their protest, property owners may request limited binding arbitration. *See* Tex. Tax Code § 41A.015. This avenue applies only to certain procedural complaints and may not be used to consider the substance of a decision. *See id.*

The protest hearing that Johnson appeals in his original petition was held on December 1, 2022. In addition to this lawsuit, Johnson filed two requests for limited binding arbitration under Section 41A.015 challenging that December 1, 2022 hearing. While those requests for limited binding arbitration were pending, BCAD's ARB issued its final order and, under Johnson's reasoning, that order was accordingly void because his protest was not "ripe" while the arbitration requests were pending. In other words, Johnson contends that the trial court had no jurisdiction over *his suit* because BCAD's "final order" was not, in fact, final since his request for arbitration with respect to the ARB's decision was still pending, precluding BCAD from rendering a final order. Thus, he argues, his case before BCAD was not ripe for a final decision, the final order was void, and the trial court should have dismissed his suit without prejudice to allow his arbitration requests to conclude.

The statutory scheme requires the ARB to issue its written order and deliver it to the property owner within thirty days after the date the protest hearing is concluded. *See* Tex.

10

Tax Code § 41.47(d), (f). The statute makes no exception for ARBs to delay issuing their orders because a request for limited binding arbitration is pending or arbitration is ongoing. *Cf. id.* Rather, *if* the arbitrator determines that the ARB or chief appraiser failed to comply with a procedural requirement as alleged in the request for limited binding arbitration, the ARB shall "rescind the order and hold a new hearing on the protest that complies with the procedural requirement." *Id.* § 41A.015(j)(2)(B). If an ARB's order issued while a limited binding arbitration was pending was void, no need to rescind the purportedly void order would exist, and Section 41A.015(j)(2)(B) would serve no meaningful purpose. Instead, the ARB is required to timely issue the order and *only if* the limited binding arbitration is successful will the order be rescinded and a new hearing held.[4] *See id.* §§ 41A.015(j)(2)(B), 41.47(d), (f). Accordingly, Johnson's argument that BCAD's order was void so as to deprive the trial court of jurisdiction to review that order is without merit. We overrule Johnson's first issue in Cause Number 03-23-00404-CV.

Johnson's second and third issues pertain to the TCPA motion that he filed while the case was stayed. He complains that the trial court erred in failing to grant his TCPA motion and in failing to make findings of fact related to the motion. However, the trial court did not rule on the motion, instead dismissing the lawsuit for Johnson's failure to furnish security. We therefore need not address Johnson's second and third issues because no ruling on the TCPA motion is before this Court to review. *Cf.* Tex. R. App. P. 33.1(a).

---

[4] The record establishes that neither of Johnson's requests for limited binding arbitration was successful.

11

**CONCLUSION**

Having sustained Johnson's fourth issue in Cause Number 03-23-00354-CV and overruled his jurisdictional challenge in Cause Number 03-23-00404-CV, we reverse the trial court's orders (1) declaring him a vexatious litigant and requiring him to furnish security and (2) dismissing his lawsuit for failure to furnish security, and we remand these causes for further proceedings.

_____

Thomas J. Baker, Justice

Before Justices Baker, Triana, and Smith

Reversed and Remanded

Filed:   June 21, 2024